[Sac. No. 988.   Department Two.—December 21, 1903.]

GEORGE W. LINDY, Plaintiff-Respondent, v. MARTHA
McCHESNEY et al., Defendants-Respondents, and
MARY E. MANN, Defendant-Appellant.

ESTATES OF DECEASED PERSONS—PROCEEDING TO DETERMINE HEIRSHIP—
COSTS—DEPOSITIONS NOT USED.—In a proceeding to determine heir-
ship of the estate of a deceased person, where the plaintiff and one
of the defendants each claimed the entire estate as against all
other claimants, as sole child and heir, and the judgment was in
favor of the other defendants, who were devisees and legatees under
the will of the decedent, a judgment in their favor for costs was
proper, and such judgment might properly include the costs of depo-

sitions taken by them, though not used at the trial, in the absence of a showing that it was unnecessary to take them, or that they should not be allowed for some special reason.

ID.—DISCRETION OF COURT—APPORTIONMENT OF COSTS.—The court has discretion in a proceeding to determine heirship, under section 1664 of the Code of Civil Procedure, to apportion the costs between the parties; but it is proper to award costs to the successful claimants, as against an unsuccessful adverse claimant of the whole estate.

APPEAL from an order of the Superior Court of San Joaquin County denying a motion to retax and apportion costs. Edward I. Jones, Judge.

Woods & Levinsky, and James H. Budd, for Appellant.

Denson, Oatman & Denson, for Plaintiff-Respondent.

John A. Percy, and Budd & Thompson, for Martha E. McChesney et al., Respondents.

James A. Louttit, and Louttit & Middlecoff, for William A. Cowdery, Respondent.

H. R. McNoble, for Rosa B. Hunt, Respondent.

E. O. Larkins, for Henry West et al., Respondents.

Carl E. Linds, for Mary E. Humes, Respondent.

Gould & Bogue, for Philander N. West et al., Respondents.

McFARLAND, J.—This is a proceeding under section 1664 of the Code of Civil Procedure, to ascertain and declare the rights of all persons claiming as distributees of the estate of George M. Kasson, deceased. The appeal here is by Mary E. Mann from an order denying her motion to strike out from a bill of costs filed by the respondents certain charges for taking depositions, which were not used at the trial, and "to apportion the costs" in the proceeding "in accordance with the provisions" of said section 1664.

The record on the present appeal is very meager, and shows nothing as to the nature of the respective claims of the parties to the estate of said Kasson. It merely shows

that the judgment was in favor of the defendants who are respondents here, and against the appellant, Mann. The case, however, was here once before, and is reported in *Estate of Kasson,* 127 Cal. 496, and counsel for both parties refer in their briefs to the case as there reported. If we can look into that case, we see that the appellant, Mann, claimed the entire estate as the child and sole heir of the deceased, and that the respondents claim as devisees and legatees under a will made by said Kasson, so that the contest was between appellant on the one side, and the respondents on the other; and as appellant lost, there is no reason why she should not be liable for the costs, as any other losing party in a civil action. It is true that section 1664 gives the court discretion to apportion the costs between the parties, but—if we can look into the former record—the present case does not call for such action. On the other hand, if we are confined to the record on the present appeal, there is nothing in it to show any abuse of discretion. As to the items for taking depositions, they are proper disbursements to put into a cost-bill, unless it be shown that they were unnecessary, or that for some special reason they should not be allowed,—which is not shown here. It is frequently proper and necessary for a party to have depositions taken, although afterwards the case may take such course as to make it unnecessary to use them. For instance, the opposite party may fail to make out a case, or a nonsuit may be granted, in which case the party taking the depositions would not be called upon to use them.

The order appealed from is affirmed. — — —

Lorigan, J., and Henshaw, J., concurred.