[Civ. No. 171. First Appellate District.—February 17, 1906.]

## W. V. CAFFEY, Respondent, v. SAMUEL MANN, Appellant.

APPEAL FROM ORDER TAXING COSTS—JURISDICTION.—It is not the amount of the cost-bill that determines the question of jurisdiction upon an appeal by a defendant from an order taxing his costs. That question is governed by the amount claimed in the complaint.

ID.—SLANDER—FAILURE TO ISSUE SUMMONS WITHIN A YEAR—DISMISSAL OF ACTION—COSTS FOR COUNSEL FEES.—Under section 7 of the act concerning actions for libel and slander (Stats. 1871-

72, p. 533, c. 377), a defendant in an action for slander, who specially appeared therein by his attorney and moved for its dismissal under section 581 of the Code of Civil Procedure, on the ground that no summons had been issued within a year after the action had been commenced, is entitled, upon the subsequent dismissal of the action by the plaintiff, to one hundred dollars as costs to cover counsel fees. The right of the defendant to counsel fees upon a dismissal of the action is not limited to a dismissal for a failure of the plaintiff to file a bond for costs.

ID.—AFFIDAVIT TO COST-BILL—EVIDENCE OF INCURRING EXPENSE.—The affidavit of counsel for the defendant to the cost-bill, together with documentary evidence of the service on the plaintiff's attorney of the notice of motion to dismiss the action, is sufficient, in the absence of evidence to the contrary, to prove the incurring by the defendant of the expense for counsel fees.

ID.—CLERK'S FEES AFTER DISMISSAL.—Clerk's fees, paid by the defendant upon his appearance, after the action had been dismissed by the plaintiff, are properly disallowed as costs.

APPEAL from an order of the Superior Court of Santa Cruz County taxing a cost-bill. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

H. C. Wyckoff, and J. E. Gardner, for Appellant.

Charles B. Younger, Jr., for Respondent.

HALL, J.—Appeal by defendant from an order of the court striking out all the items of defendant's cost-bill.

Respondent's objection that this court has no jurisdiction of the appeal for the reason that the entire amount of the costs claimed did not amount to $300 is not well taken. The amount claimed in the complaint was $50,000, which brings the case within the jurisdiction of the supreme court. See *Harron* v. *Harron,* 123 Cal. 508, [56 Pac. 334], which overrules earlier cases to the effect that the amount of the cost-bill governs the question of jurisdiction upon an appeal from an order taxing costs.

Plaintiff commenced an action against defendant for slander May 8, 1903, but no summons was ever issued thereon. On May 19, 1904, defendant, by his attorneys, served on plaintiff's attorney a notice that he would move the court on May 27, 1904, for an order dismissing the action, and for a

judgment in favor of defendant for $100 counsel fees, and $2.50 costs, upon the grounds that more than one year had elapsed since the filing of the complaint and no summons had been issued and no bond filed for costs. May 20, 1904, plaintiff, by his attorney, dismissed the action by entry on the register of actions in the clerk's office; and on the same day, but we assume subsequently, to plaintiff's dismissal, defendant filed the notice above referred to as served on the nineteenth day of May, 1904. This motion was never orally made but was withdrawn May 27, 1904. On May 27, 1904, defendant filed and served his cost-bill duly verified, wherein he claimed costs in the sum of $102 being clerk's fees $2, and counsel fees $100. In due time plaintiff moved the court to strike out all the items of said cost-bill, and upon the showing of the facts as above set forth the motion was granted. No effort was made to prove that defendant had not incurred an expense of $100 for counsel fees; but it is insisted by counsel that inasmuch as the action was dismissed before defendant ever appeared in the action he is not entitled to any costs.

The act concerning actions for libel and slander requires the plaintiff to give a bond for costs, and in section 6 of the act (Stats. 1871-72, p. 533, c. 377) provides that if the bond be not filed in five days after the order therefor the action shall be dismissed. Section 7 (page 534) of the act provides that plaintiff, if he recover judgment, shall be allowed as costs $100 to cover counsel fees, and also provides: "In case the action is dismissed, or the defendant recover judgment, he shall be allowed one hundred dollars to cover counsel fees, in addition to the other costs, and judgment therefor shall be entered accordingly." In this case before the action had been dismissed, defendant employed counsel to take steps to bring about a dismissal, which he had a perfect legal right to do under section 581 of the Code of Civil Procedure, without entering a general appearance to the action. After defendant, through his attorney, had moved in the matter plaintiff dismissed the action. This brought the case squarely within the terms of section 7 of the act. The action had been dismissed; and if defendant had in fact before such dismissal, in an effort to procure such dismissal, incurred an expense for counsel fees, no reason is perceived why he should not be allowed such costs up to the sum of $100, as provided by the statute. The affidavit of counsel for the

defendant to the cost-bill, supported as it was by the documentary evidence that he had served on plaintiff's attorney a notice of motion to dismiss the action on May 19th, in the absence of one word of evidence to the contrary, proved the incurring of the expense. (*Miller* v. *Highland Ditch Co.,* 91 Cal. 103, [27 Pac. 536] ; *Barnhart* v. *Kron,* 88 Cal. 447, [26 Pac. 210].)

Neither can we agree with counsel for the respondent that the right to counsel fees on a dismissal is limited to a dismissal for failure to file the bond for costs. It extends to dismissals under section 581 of the Code of Civil Procedure, as well. As to the item of $2 for clerk's fees, we cannot say that the court was not justified in striking it out, upon the theory that there was no necessity for incurring the same, as the action had, at the time it was incurred, been dismissed, which fact might have been ascertained by an examination of the clerk's register.

The order is reversed so far as it strikes out the item in defendant's cost-bill of $100 for counsel fees.

Harrison, P. J., and Cooper, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 10, 1906.