[Civ. No. 354. First Appellate District.—June 11, 1907.]

## W. V. GAFFEY, Appellant, v. SAMUEL MANN, Respondent.

ACTION FOR SLANDER—DISMISSAL—ATTORNEY'S FEES—DECISION UPON FORMER APPEAL—PROPER JUDGMENT UPON REMITTITUR—NOTICE.— Where the plaintiff brought an action for slander, and caused the clerk to enter a dismissal thereof after defendant had incurred costs in taking steps to procure a dismissal thereof, and had included $100 for counsel fees in his cost-bill, and upon a former appeal from an order striking out the counsel fees the order was reversed, leaving the cost-bill as to attorney's fees intact, upon going down of the *remittitur,* the court properly rendered judgment against plaintiff for $100 counsel fees, without further notice and hearing, as an incident to the judgment, and for the further sum of $32 costs upon appeal, to which no objection was taken.

ID.—CONSTITUTIONALITY OF COUNSEL FEES IN SLANDER CASES—LAW OF CASE.—No constitutional objection appears to the allowance of counsel fees to the prevailing party in an action for slander, under a law passed prior to the adoption of the present constitution; but without passing definitely upon that question, it is sufficient to say that the decision made upon the former appeal for the allowance of counsel fees to the respondent has become the law of the case, and this decision has become final.

APPEAL from a judgment of the Superior Court of Santa Cruz County, rendered after *remittitur* upon a former appeal. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court, and in the opinion rendered upon the former appeal, 3 Cal. App. 124, 84 Pac. 424.

Charles B. Younger, Jr., for Appellant.

H. C. Wyckoff, and J. E. Gardner, for Respondent.

HALL, J.—This is an appeal from a judgment entered against plaintiff upon the going down of the *remittitur* from this court, reversing in part an order of the superior court striking out all the items of a cost-bill filed by defendant after the dismissal of an action for slander. (*Gaffey* v. *Mann,* 3 Cal. App. 124, [84 Pac. 424].) In due time after the filing of the *remittitur* from this court in the lower court, the defendant filed his memorandum of costs on appeal, and thereafter, and after the expiration of the time for plaintiff to object or except thereto, and plaintiff having filed no objections thereto, the court, without notice to plaintiff and in his absence, entered judgment against plaintiff for the sum of $100, as and for defendant's costs in said court, and the further sum of $32, for his costs incurred on the former appeal.

Appellant now insists that this judgment must be reversed, for the reason that it was taken against him in his absence and without notice. But we do not think that this contention is sound.

Plaintiff brought the action for slander, and thereafter dismissed it, and caused the clerk to enter a dismissal thereof after defendant had incurred costs in taking steps to procure a dismissal thereof. (*Gaffey* v. *Mann,* 3 Cal. App. 124, [84 Pac. 424].) Thereupon defendant filed his cost-bill, containing two items, to wit, $2 for clerk's fees for his appearance, and $100 for counsel fees. Plaintiff thereupon moved to strike out each and every item thereof upon various grounds, in which were presented questions of fact as to the necessity for incurring such costs, and the validity thereof as matter of law. The court granted his motion, but upon the appeal to this court the order was reversed so far as it struck out the item in defendant's cost-bill of $100 for counsel fees, upon the ground, as clearly appears from the opinion, that upon the facts and the law defendant was entitled to such costs. This left the cost-bill intact as originally filed, save as to the item of $2 for clerk's fees, and there was nothing to do but enter judgment accordingly for the costs thus allowed. Costs are but an incident to the judgment. In this case judgment of dismissal had been entered, which carried with it a right to defendant to recover costs. He filed his cost-bill. Plaintiff filed his objections thereto, which having been passed upon by the trial court and this court, he

has had his day in court, and is not entitled to be further heard as to the amount or validity of the costs. The judgment of dismissal, to which the costs are but incidental, was entered at appellant's request.

Plaintiff further urged at the oral argument that the statute allowing attorneys' fees in slander and libel cases is unconstitutional, and that for that reason the judgment should be reversed, and cites *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [88 Pac. 982], in which it was held that the mechanic's lien law, so far as it allowed attorneys' fees to a plaintiff, was void. But the libel and slander law differs in several respects from the lien law. The slander and libel law allows attorneys' fees to the prevailing party, whether he be plaintiff or defendant, while the lien law allows such costs only to the plaintiff. The lien law was passed after the adoption of the present constitution, while the slander and libel act was passed before the adoption of the present constitution. For these reasons the slander and libel act has been held constitutional in so far as it requires a plaintiff to give bond for costs. (*Smith* v. *McDermott,* 93 Cal. 421, [29 Pac. 34].) But without passing upon the constitutionality of the slander and libel act in allowing attorneys' fees to the prevailing party, it is sufficient to say that the order made upon the former appeal has become the law of the case. It was then determined that defendant was entitled to be allowed as a part of his costs $100 for attorney fees, and this decision has become final. (*Heinlen* v. *Martin,* 59 Cal. 182; *Donner* v. *Palmer,* 51 Cal. 637; *Russell* v. *Harris,* 44 Cal. 489.)

Judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 8, 1907.