[Sac. No. 1897. Department One.—August 4, 1911.]

J. JEROME SMITH, Appellant, v. GATE CITY OIL COMPANY, Respondent.

CORPORATION—ASSESSMENT—FAILURE TO PUBLISH NOTICE OF DELINQUENT SALE—ASSESSMENT NOT INVALIDATED—NEW PROCEEDING FOR COLLECTION.—Where a resolution of the board of directors of a corporation levying an assessment upon the corporate stock, fixed the day on which it became payable, the day it would become delinquent, and the day of sale of the delinquent stock, the failure to publish notice of the delinquent sale as of such day rendered invalid a sale on that day, or on any subsequent day to which that sale should be postponed under the provisions of section 345 of the Civil Code. It did not avoid the assessment, but made it necessary, under section 346 of that code, to repeat all the proceeding except the assessment, and by resolution to fix new dates of maturity, delinquency, and sale, and to give notices for such new delinquency and sale.

ID.—CONSTRUCTION OF CODE PROVISIONS.—Sections 345 and 346 of the Civil Code must be construed together and the provisions of both

given force, if possible. They are not inconsistent. The first provides for the extension of time in the case of proceedings for collection by sale which it is proposed to complete. The other provides for the inauguration of an entirely new proceeding for collection, in case the first attempt becomes invalid because of any substantial error or omission.

ID.—DATE OF DELINQUENCY FIXED MORE THAN SIXTY DAYS AFTER ORDER FOR ASSESSMENT.—A subsequent order of the board of directors, made under the permissive provisions of section 346 of the Civil Code, fixing a new date for the delinquency of the assessment, is not invalidated because such time was fixed more than sixty days after the date of the passage of the original resolution levying the assessment. The provision of section 334 of that code, that the order levying the assessment must fix the date of delinquency at a time "not less than thirty nor more than sixty days from the time of making the order levying the assessment," is not applicable to new proceedings initiated under section 346 for the collection of an assessment previously levied.

APPEAL from an order of the Superior Court of San Joaquin County dissolving an injunction. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Charles H. Fairall, for Appellant.

W. R. Jacobs, and Frank H. Gould, for Respondent.

SHAW, J.—The plaintiff appeals from an order dissolving a preliminary injunction, restraining the sale of corporate stock upon a delinquent assessment. The order was made upon the ground that the facts stated in the complaint were not sufficient to warrant the injunction.

Plaintiff owns twenty-two thousand shares of the capital stock of the defendant corporation. On September 3, 1909, the corporation directors made an order levying an assessment of five cents a share upon the capital stock, declaring the same payable on October 16, 1909, and fixing November 1, 1909, as the day on which the assessment should become delinquent, if unpaid, and December 27, 1909, as the day of the sale of such delinquent stock. No order extending the time for that sale was ever made, and no advertisement of said sale was made. On March 26, 1910, the directors made an order declaring that the aforesaid assessment was payable immediately,

that all stock upon which said assessment remained unpaid on May 5, 1910, should then become delinquent and would be advertised for sale, and that said sale should take place on May 26, 1910. The necessary notices and advertisements have been regularly given and made as required by law, so far as the last order is concerned. The object of the suit was to enjoin the sale proposed to be made on May 26, 1910.

The first objection made to the proceedings by the appellant is that it is in violation of the provisions of section 345 of the Civil Code, to the effect that "the dates fixed in any notice of assessment or notice of delinquent sale" of corporate stock "may be extended from time to time for not more than thirty days." It is claimed that if the mode of procedure here followed is allowed, it would be within the power of directors to extend the dates for the payment, the delinquency and the sale of the stock, respectively, for more than thirty days, and indefinitely for any period, contrary to said statute.

The procedure is authorized by section 346 of the Civil Code and it appears to be entirely regular under that section. It reads as follows: "No assessment is invalidated by a failure to make publication of the notices hereinbefore provided for, nor by the non-performance of any act required in order to enforce the payment of the same; but in case of any substantial error or omission in the course of proceedings for collection, all previous proceedings, except the levying of the assessment, are void, and publication must be begun anew." The failure to make the publication for the delinquent sale of December 27, 1909, first ordered, made the proceeding for a sale on that day, or on any subsequent day to which that sale should be postponed under section 345, void. It did not avoid the assessment, but it made it necessary to repeat all the proceedings except the assessment. A new date of maturity was to be fixed. This was done by declaring it payable immediately. A new date of delinquency was necessary, and it was declared to be May 5, 1910. A new day of sale was required, and it was fixed for May 26, 1910. The necessary notices for this new delinquency and sale were given and the proceeding thereby became complete and valid. Sections 345 and 346 must be construed together and the provisions of both given force, if possible. They are not inconsistent. One provides for the extension of time in the case of proceedings for

collection by sale which it is proposed to complete. The other provides for the inauguration of an entirely new proceeding for collection, in case the first attempt becomes invalid because of any substantial error or omission. The decision in *San Bernardino L. Co.* v. *Merrill,* 108 Cal. 490, [41 Pac. 487], and other cases following it, cited by appellant, merely hold that where the company has lost the right to proceed with the sale, because of a failure to take a necessary step in the proceeding at the proper time, it also loses the right to declare, under section 349, that it waives proceedings to sell the stock and elects to collect the assessment by action. They have no application to the question of the right of the company to begin anew the proceedings for collection by sale of the stock under the statute.

The only other objection is that the order of March 26, 1910, is void, because the time of delinquency thereby fixed was more than sixty days after the order of September 3, 1909, levying the assessment. This, it is claimed, violates section 334 of the Civil Code. That section declares what the order levying the assessment shall specify. Among other things, it says that the order must fix the date of delinquency at a time "not less than thirty nor more than sixty days from the time of making the order levying the assessment," and the day of sale is to be not less than fifteen nor more than sixty days thereafter. The order of March 26, 1910, did not purport to levy a new assessment, but only to initiate new proceedings for collection of the previous assessment. Section 346, as above stated, provides that no new assessment is necessary, but that all proceedings subsequent thereto are void and must be begun anew. The position of appellant would require us to hold, either that the new proceeding under section 346 must be begun early enough to allow the new day of delinquency to fall within the sixty days following the original order, or that the respective dates of delinquency and sale must be postponed from time to time, under section 345, to the new dates fixed by the new proceeding. This would make the new proceeding impracticable in many cases. The postponement, in order to be valid and preserve the original proceeding, must be made before the time originally fixed expires. The fatal omission might not be discovered until after that period, and it might not occur until after the original date of pay-

ment had passed. That date could not then be postponed and the whole proceeding would lapse, including the levy, which section 346, by necessary implication, declares shall not lapse because of such defect. Section 346 was obviously intended to provide for just such a case. Section 334 provides that the day .of delinquency fixed in the original order must be not more than sixty days after the date of the order levying the assessment, but it does not purport to declare that no later day can by any means be fixed, and its provisions in that respect are necessarily modified by the other sections. Accordingly, we find that under section 345, the days fixed in the original order may be postponed from time to time, by merely republishing the original notice thereof, with the order of postponement appended; and that, under section 346, it may be fixed anew at any later date, without any order of postponement, by making a new order fixing new dates and making an entirely new publication thereof. When either of these methods of changing the original days is adopted, the change is fully authorized by the section under which it is taken. and the proceeding is valid, notwithstanding the aforesaid provision of section 334. No prejudice is caused to the delinquent stockholders by a new proceeding, for they must have notice of the new order, precisely as in the case of the original order.

The order dissolving the injunction is affirmed.

Angellotti, J., and Sloss, J., concurred.