[S. F. No. 6229. Department One.—March 25, 1914.]

## H. L. SHANNON, Appellant, v. GEORGE M. TOOKER et al., Respondents.

CORPORATION — DELINQUENT STOCK ASSESSMENT — POSTPONEMENT OF SALE—REPUBLICATION OF NOTICE.—Where proceedings for the sale of corporate stock for a delinquent assessment are postponed because of a defective publication of the notice, a sale thereafter, without a republication of the notice of assessment provided by sections 335 and 336 of the Civil Code, is irregular.

ID.—IRREGULAR SALE—CONDITION PRECEDENT TO RECOVERY OF STOCK.—But section 347 of the Civil Code makes it a condition precedent to the recovery of such stock after the sale that the person seeking recovery shall first pay or tender to the person holding the stock the sum for which it was sold, together with all subsequent assessments paid and interest.

ID.—TENDER BY PERSON SEEKING RECOVERY OF STOCK—CONFLICTING EVIDENCE—APPEAL.—Where the evidence, in an action for such recovery, is substantially conflicting, a finding by the trial court that the plaintiff made no such tender is conclusive on the appellate court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Samuel M. Shortridge, and Thomas B. Dozier, for Appellant.

F. J. Solinsky, and Frank R. Wehe, for Respondents.

SHAW, J.—This is an action by the plaintiff to recover from the defendant, Tooker, certain shares of stock in the

defendant company, which were sold to Tooker upon a sale for the collection of a delinquent assessment, alleged by the plaintiff to have been voidable because of a defect in the proceedings leading up to the sale. The judgment below was for the defendants. The plaintiff appeals from said judgment and from an order denying his motion for a new trial.

The assessment was made on September 12, 1907, and the resolution stated that it would become delinquent if not paid on or before October 16, 1907, and that if it became delinquent a sale thereof would be made on November 11, 1907, unless previously paid. The publication of the notice of sale of the stock after it became delinquent on October 16th was defective and for that reason the directors, by resolution, postponed the sale until December 9, 1907. The directors did not, after said postponement, republish the notice of the assessment provided for in sections 335 and 336 of the Civil Code. They did, however, publish anew the notice of the delinquent sale as provided in section 339. On December 9th the stock was sold to the defendant Tooker.

Under the decision of this court in *Smith* v. *Gate City Oil Co.*, 160 Cal. 446, [117 Pac. 525], and under the provisions of section 346 of the Civil Code, it appears that the proceedings for the postponement and sale were irregular because the notice of the assessment was not published anew. If this were the only question in the case it would necessarily follow that the judgment should be reversed.

But a condition precedent to the recovery of stock under such circumstances is imposed by section 347 of the Civil Code. It provides that no action for such recovery can be sustained upon the ground of irregularity or defect in the sale, or the proceedings therefor, unless the party seeking recovery first pays or tenders to the party holding the stock sold the sum for which it was sold, together with all subsequent assessments paid and interest. The tender of these amounts was alleged in the complaint and denied in the answer. The court below found that the plaintiff never tendered defendants, nor either of them, the sums required to be tendered under the aforesaid section, nor any part thereof. The plaintiff recognizes the importance of this finding and argues with great earnestness that it is entirely contrary to the evidence. With this contention we cannot agree. It is not the province

of this court, as is well understood, to weigh conflicting evidence, and in such cases the decision of the trial court is absolutely conclusive where there is substantial evidence in its favor. The testimony of the plaintiff and of the witness who went with him on the occasion in question is to the effect that he met Tooker on the street and demanded of him the stock he had bought at the sale and declared that he was ready to pay to him every dollar that he was out on the stock, including the assessments, costs, and interest to date, and that Tooker declared that he would not let him have it. This evidence would sustain a finding in favor of such tender. But, on the other hand, the defendant Tooker testified that no such conversation occurred between them at the time they met on the street, as related by the plaintiff and his witness; that they did meet in the office of Tooker and that the plaintiff there said that he wanted to buy the stock of Tooker, to which Tooker replied that he could not give him the price until morning because he had to consult other persons, and that they then separated, and that no other offer or demand for the stock was made. His testimony to this effect was corroborated by that of another witness who was present in the office. It is clear that if the testimony on behalf of the defendants is true the plaintiff did not make the tender required by the statute. In view of this condition of the evidence we must sustain the finding of the lower court, which sustains the judgment, since the statute provides that without such tender no action of this kind can be maintained. The plaintiff should have made his tender in such unequivocal terms that no *bona fide* dispute nor misunderstanding regarding it could arise. It was easily within his power to have done so.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.