[L. A. No. 4618. Department One.—July 15, 1918.]

EDMUND WELCH, Respondent, v. EDWARD H. ALCOTT et al., Appellants.

COSTS—DEPOSITIONS—NECESSITY—FAILURE TO USE.—Where a party recovers costs, the expense of taking depositions before trial is properly taxable, although the depositions were not offered in evidence, unless it be shown that they were unnecessary, or that for some special reason the expense of taking them should not be allowed.

ID.—QUESTION FOR TRIAL COURT.—In such case the question whether the taking of a deposition before trial was reasonably necessary for the

protection of the party taking it was one for the trial court to decide on the facts before it.

Id.—Reporter's Charges — Transcribing Testimony.—Under section 274 of the Code of Civil Procedure, which authorizes fees for transcripts "ordered by the court to be made," to be taxed as costs, where the court at the beginning of a trial ordered that the testimony be transcribed by the reporter, and paid for by plaintiff, the charges to be taxed as costs in the action if the plaintiff should recover judgment, and that the transcript be filed, it appearing that the trial was protracted, and that after the plaintiff had paid $220 for so much of the transcript as had then been furnished, he was without funds to pay for more and ordered the reporter to cease further transcription, it was within the discretion of the court to say whether the plaintiff should recover the cost of the part of the testimony transcribed.

Id.—Failure to File Transcript Before Taxation of Costs.—Where, in such case, on the hearing of the motion to tax the costs, objection was made that the transcript of the testimony had not been filed, and thereupon the plaintiff did file it, the trial court did not err in holding that the failure to file it earlier was not fatal to the plaintiff's right.

APPEAL from an order of the Superior Court of Los Angeles County.   Grant Jackson, Judge.

The facts are stated in the opinion of the court.

James P. Clark, and F. W. Gail, for Appellant.

Frank C. Prescott, for Respondent.

SLOSS, J.—By the judgment in this action the plaintiff recovered costs.   He served and filed his memorandum in due time, whereupon the defendant moved to tax costs by striking out a number of items claimed.   The court sustained the defendant's objections to some of the items, but disallowed them as to others.   From the order so made, in so far as it is unfavorable to him, the defendant appeals.

Whether or not plaintiff should have been allowed costs at all is a question that is discussed to some extent in the briefs. It does not arise on this appeal, but may be presented for consideration on the appeal from the judgment itself.   All that we are here concerned with is the propriety of the various items of costs charged against the defendant over his objection.   They are as follows:

1. The memorandum included a charge of $87.40 for taking the deposition of the defendant, Alcott. The deposition was taken by the plaintiff before the trial, and was not, in fact, offered in evidence. But it does not follow that the expense of taking it could not properly be charged as an item of costs. Such expenses "are proper disbursements to put into a cost bill, unless it be shown that they were unnecessary, or that for some special reason they should not have been allowed. . . . It is frequently proper and necessary for a party to have depositions taken, although afterward the case may take such a course as to make it unnecessary to use them." (*Lindy* v. *McChesney*, 141 Cal. 351, [74 Pac. 1034].) It is for the trial court to determine whether, under all the circumstances, the taking of the deposition was reasonably necessary to the protection of the rights of the party taking it. (*Lomita L. & W. Co.* v. *Robinson*, 154 Cal. 36, 52, [18 L. R. A. (N. S.) 1106, 97 Pac. 10].) We cannot say that the court abused its discretion in deciding that question in plaintiff's favor on the facts before it.

2. The appellant objects to the allowance of an item of $220.60 paid the reporter for transcribing testimony. It appears that after the beginning of the trial the court made an order that the testimony be transcribed by the reporter, that the "transcript of all the testimony be paid for by plaintiff," and that the charges therefor be taxed as costs in the action if plaintiff should recover judgment. The order further provided that the transcript be filed. The grounds of objection to the item were that only a part of the testimony had been transcribed, and that the transcript had not been filed.

The code authorizes fees for transcripts "ordered by the court to be made" to be taxed as costs. (Code Civ. Proc., sec. 274.) The disputed charge falls within this description. The statute does not require that the transcript cover all the testimony. The appellant's claim is that this condition was imposed by the court's order. But we do not so read the order. Under section 274, fees for transcripts ordered by the court are to be paid by the parties in equal proportions, or either may pay "the whole thereof." When the court ordered that plaintiff pay for the "transcript of all the testimony," it was prescribing that the whole cost should, in the first instance, be met by one of the parties, instead of being

divided.   Apart from any limitation in the order, it was within the discretion of the trial court to say whether plaintiff should recover costs for a transcript of only a part of the testimony.   The evidence indicates that the trial was a protracted one, and that after plaintiff had paid the sum in question for so much of the transcript as had then been furnished, he was without funds to pay for more, and accordingly directed the reporter to cease further transcription.   There may, no doubt, be cases in which it would be unjust to the losing party to charge him with the expense of transcribing isolated fragments.   But on the record before us we think the court was justified in concluding that the plaintiff had reasonable grounds for stopping the transcription when he did, and that the defendant was in no way injured by the act of the adverse party in having only a part of the proceedings written up.   In one aspect he was, indeed, benefited, since the charge would necessarily have been greater if the entire testimony had been transcribed.

So far as the want of filing is concerned, it appears that when the objection was made at the hearing of the motion to tax, the plaintiff did file the transcript.   It was then available for the defendant's use in further proceedings looking to a new trial or the preparation of a record on appeal, and we cannot say that the court erred in holding that the failure to file it earlier was not fatal to plaintiff's right.

3. The final objection is to the charge made for witness fees in the case of several witnesses, who, as appellant claims, were not in attendance for the number of days covered by the charge.   The court reduced the items in some particulars.   Where it declined to interfere with the charge, we think the conclusion that the charges allowed were proper was not without support in the evidence.

No other points are made.

The order is affirmed.

Shaw, J., and Richards, J., *pro tem.,* concurred.