[Civ. No. 3031.   First Appellate District, Division Two.—September 15, 1919.]

HERBERT EADES, a Minor, etc., Respondent, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), et al., Defendants; LOS ANGELES RAILWAY CORPORATION (a Corporation), Appellant.

[1] COSTS—ITEMS FOR TAKING DEPOSITIONS.—Items for taking depositions are proper disbursements to put into a cost bill unless they are unnecessary or for some special reason should not be allowed.

[2] ID.—DEPOSITION OF PLAINTIFF—PROPER ITEM UPON COST BILL.— The expense of taking the deposition of the plaintiff is a proper item upon the cost bill and should be allowed where the taking of the deposition was regular in all particulars, as provided by the Code of Civil Procedure, and there is no denial of the allegation in the affidavit that this deposition was necessary for the trial of the action.

[3] ID.—DEPOSITION TAKEN WITHOUT NOTICE—EXPENSE NOT ALLOWABLE.—A deposition of one of the defendants taken upon stipulation of counsel for the different defendants is not admissible in evidence against the plaintiff where the latter was given no notice of the taking of such deposition and he was not represented at the taking thereof; and the plaintiff may not be charged with the expense of taking such deposition as costs.

APPEAL from an order of the Superior Court of Los Angeles County taxing costs. Grant Jackson, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher and Norman S. Sterry for Appellant.

E. B. Drake for Respondent.

LANGDON, P. J.—This is an appeal from an order of the superior court made after judgment in favor of the defendant Los Angeles Railway Corporation, the appellant here, which order granted the motion of plaintiff to tax costs and struck from the cost bill of said defendant an item of $8.50 for the taking and transcribing of the deposition of plaintiff, and an item of $17 for the taking and transcribing of the deposi-

tion of F. C. Funk, one of the defendants. The motion to tax costs was made upon the grounds that the items were not taxable under the law and that the deposition of F. C. Funk was taken without the notice or knowledge of the plaintiff. Upon the hearing of the motion the parties stipulated as to all material facts, from which stipulation it appears that the deposition of plaintiff was taken by the defendant and appellant under and by virtue of the provisions of subdivision 1 of section 2021 of the Code of Civil Procedure, said deposition having been taken upon stipulation of all of the parties to the said action. It also appears that the deposition of F. C. Funk was taken upon a stipulation entered into between counsel for defendant Funk and counsel for defendant Los Angeles Railway Corporation, the appellant, but that the counsel for plaintiff did not sign said stipulation and had no notice of the taking of said deposition, and plaintiff was not represented at the taking thereof.

In addition to the stipulations regarding these facts, upon the hearing of said motion, the appellant filed an affidavit of its counsel to the effect that both depositions were necessary to the preparation and trial of its case. No evidence was offered by the plaintiff to contradict this affidavit, and the motion to tax costs was not made upon the ground that the depositions were not necessary.

[1] It is stated to be the rule that items for taking depositions are proper disbursements to put into a cost bill unless they are unnecessary or for some special reason should not be allowed. (*Lindy* v. *McChesney,* 141 Cal. 351, 353, [74 Pac. 1034] ; *California etc. Co.* v. *Schiappa-Pietra,* 151 Cal. 732, 745, [91 Pac. 593].) [2] The taking of the deposition of the plaintiff, being regular in all particulars, as provided by the Code of Civil Procedure, and there being no contradiction of the allegations in the affidavit that this deposition was necessary for the trial of the action, the expense of taking the same was a proper item upon the cost bill and should have been allowed.

[3] As to the expense of the deposition of the defendant Funk, we think the action of the trial court was proper. It is true that section 2021 of the Code of Civil Procedure provides for the taking of a deposition of a party to an action. However, section 2031 of the Code of Civil Procedure, provides how such deposition may be taken "on serving upon the

adverse party previous notice of the time and place of examination,'' together with a copy of an affidavit showing that the case is within the provisions of section 2021, Section 2032 of the Code of Civil Procedure provides that when a deposition is regularly taken in the manner provided therein, it may be used by either party upon the trial or other proceeding *against any party giving or receiving the notice.* It being admitted that no notice was given to the plaintiff of the taking of this deposition, such deposition was not entitled to be admitted in evidence as against him. It is stated in the affidavit of the appellant that at the trial the plaintiff objected to the introduction of the deposition upon this ground. As this deposition was not regularly taken so as to make it admissible in evidence against the plaintiff, it would seem to follow that plaintiff may not be charged with it as costs.

The order appealed from is modified by allowing the item of $8.50, the expense of taking the deposition of plaintiff, thus increasing the amount of costs allowed to appellant from $47.70 to $56.20. As modified, the order appealed from is affirmed, the appellant to pay its own costs.

Brittain, J., and Nourse, J., concurred.