[Civ. No. 3502.    First Appellate District, Division One.—September 7, 1920.]

## GERTRUDE O. HUGHES, Appellant, v. THOMAS HUGHES, Respondent.

[1] COSTS—DEPOSITION TAKEN BUT NOT SIGNED.—Where a defendant, in anticipation of being compelled to go to trial, applied for and obtained an order for the taking of the deposition of the plaintiff before a notary public, and the deposition was taken, but before it was signed a demurrer was sustained to the plaintiff's amended complaint and the plaintiff declined to amend and judgment was entered for the defendant, the defendant had the right to include the expense of the taking of such deposition in his cost bill.

[2] ID.—NECESSITY FOR DEPOSITION — QUESTION FOR TRIAL COURT. — It is for the trial court to determine whether, under all the circumstances, the taking of a deposition is reasonably essential to the protection of the rights of the party taking it.

APPEAL from an order of the Superior Court of Los Angeles County allowing costs.    Grant Jackson, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Thomas K. Case for Appellant.

G. P. Adams for Respondent.

WASTE, P. J.—This is an appeal by plaintiff from an order made after judgment, which allowed as costs claimed by defendant the sum of $101.40 for a deposition.

Plaintiff filed her complaint against the defendant, her husband, seeking specific performance of an alleged oral antenuptial agreement. In anticipation of being compelled to go to trial the defendant applied for, and the court made an order based upon an affidavit, that the deposition of plaintiff be taken before a notary public. At the time appointed plaintiff appeared with her attorney and stipulated that the deposition be taken in shorthand, and when transcribed should be sworn to and subscribed by the witness. Plaintiff was sworn and her testimony was taken. The testimony was long, the examination taking parts of two days, and it was stipulated that the matter of taking

the deposition should be continued to a definite date, on which the plaintiff would read over, correct, and sign it. When the deposition was transcribed the plaintiff requested, and was furnished with, a copy, that she might go over it at the office of her attorney, or at her home, compare it with a transcription of her testimony prepared by a stenographer of her own choosing who was present at the examination, and make any corrections necessary. Many discrepancies, over one hundred the appellant says in her affidavit, were noted and corrected. There appear to have been several conferences by the respective counsel, over the matter, and the signing of the deposition dragged along for a month. Before it was signed the court sustained a demurrer to the plaintiff's amended complaint. She declined to further amend, and judgment was entered in favor of the defendant. Plaintiff appealed, and the judgment has been affirmed. (*Hughes* v. *Hughes, ante,* p. 206, [193 Pac. 144].)

After judgment entered, defendant filed his cost bill, including the expense of taking the deposition. Plaintiff objected to the item, and moved to strike it out, which motion the court denied. Plaintiff appeals from the order, claiming that as the deposition was never completed and signed, and was not used on the trial, it was an improper item of costs.

[1] The fact that the deposition was not finally signed does not, in our opinion, alter the situation of the parties. A special reason is not presented thereby why the costs incurred in the taking should be disallowed. It is frequently proper, and often it seems necessary, for a party to have a deposition taken, although afterward the case may take such a course as to make it unnecessary to use it. [2] It is for the trial court to determine whether, under all the circumstances, the taking of the deposition was reasonably essential to the protection of the rights of the party taking it. (*Lindy* v. *McChesney,* 141 Cal. 351, 353, [74 Pac. 1034]; *California etc. Co.* v. *Schiappa-Pietra,* 151 Cal. 732, 745, [91 Pac. 593]; *Lomita Land & Water Co.* v. *Robinson,* 154 Cal. 36, 52, [18 L. R. A. (N. S.) 1106, 97 Pac. 10]; *Welch* v. *Alcott,* 178 Cal. 530, 532, [174 Pac. 34].)

The deposition in this case was secured by the defendant after he appeared in the action, and in a *bona fide* initia-

tive on his part to prepare for a trial, which he had reasonable grounds to anticipate would be had. The plaintiff says in her affidavit used on the motion to tax costs in the court below, that while she would, if requested, have signed her testimony as transcribed by her own stenographer, she would, had she been asked to do so, have refused to sign what purported to be her deposition as taken by the reporter for the notary. We do not believe that it was incumbent upon the defendant to have taken steps, by means of court proceedings open to him to force the plaintiff to sign the deposition, before it could become a legitimate item of cost in preparing for the defense of the action. He had become liable for the expense of taking the deposition before the lower court sustained the demurrer and entered its judgment. It has determined that the cost was properly and necessarily incurred. We are convinced that the evidence before it showed a case warranting such a conclusion.

The order appealed from is affirmed.

Kinsell, J., *pro tem.*, and Richards, J., concurred.