[Civ. No. 5891. First Appellate District, Division One.—January 31, 1929.]

BENJAMIN W. HILLS, Appellant, v. A. D. SHAFFER et al., Respondents.

Jones & Boalt and Joseph Syle for Appellant.

A. D. Shaffer and Anthony Podesta for Respondents.

TYLER, P. J.—Appeal from a judgment awarding defendants costs and attorneys' fees in an action for slander. The proceeding was commenced on January 28, 1927. No bond was filed as required by statute in cases of this character nor was any summons ever issued. On February 4, 1927, defendant A. D. Shaffer, who is an attorney at law, served upon plaintiff written notice of appearance on behalf of himself alone. At the same time Shaffer served notice upon plaintiff for the taking of a deposition. This notice was signed "A. D. Shaffer and Anthony Podesta, Attorneys for A. D. Shaffer." On February 7th following, and before any of the other defendants appeared, the action was dismissed by plaintiff. Thereafter Shaffer and Podesta filed a cost bill, including $100 as attorneys' fees for each of the defendants, amounting in all to the sum of $602.50. This claim was verified by Podesta as attorney for the defendants. It recited that the disbursements were necessarily incurred in the action. It appeared at the hearing that Podesta was employed by Shaffer to assist him and the other defendants in the action; that a material witness was about to depart from the state and the appearance made by Shaffer was for the purpose of taking his deposition for the benefit of all the defendants. Podesta testified as to the employment of himself and Shaffer by the other defendants, and of the steps taken by them in the preparation for trial. The court thereupon allowed each of the defendants the statutory fee of $100. This appeal is taken from such judgment. In support thereof appellant contends that as the appearance of defendant Shaffer was a voluntary and general one, his failure to insist upon the filing of the statutory undertaking, constituted a waiver of his right to demand such undertaking and he thereby estopped himself from claiming the benefit of the provisions of the statute relating to attorneys' fees. As to the other defendants it is claimed that they are not entitled to such, as no appearance was ever made by them in the action, either in or out of court. The allowance made by the court was based upon our statute upon the subject, which provides in part that in an action for libel or slander, the clerk shall, before issuing the summons, require a written undertaking on the part of the bailiff in the sum of $500 to the effect that if the action is dismissed, or the defendant recover judgment, the sureties shall pay such costs

522

and charges as may be awarded against the plaintiff by the judgment, and in addition thereto the sum of $100 as attorneys' fees. (Deering's Gen. Laws, 1923, pt. 1, p. 1620; Stats. 1871–72, p. 533.) In cases of this character it is not necessary, in order to entitle a defendant to an attorney's fee, that he move for a dismissal of the action on account of the failure on the part of plaintiff to file the bond provided for by the statute. The dismissal referred to therein applies to dismissals generally as provided for under section 581 of the Code of Civil Procedure. Mere failure therefore to insist upon the filing of the bond does not constitute a waiver. Nor is it necessary for a defendant to file a general appearance in the action to entitle him to an attorney's fee where it appears that he has employed an attorney to defend such action. (*Caffey* v. *Mann,* 3 Cal. App. 124 [84 Pac. 424]; 15 C. J., p. 69.) Under these circumstances upon the dismissal by the plaintiff, defendants were entitled to counsel fees as a matter of course. Nor is there any merit in the further claim that inasmuch as the action was against several defendants "conjointly guilty of one offense" only one attorney's fee of $100 could be allowed. As above pointed out, it appeared that each of the defendants had, upon the filing of the action, employed counsel to represent him. The mere fact that several defendants had been joined in one action in no manner affects the situation as each one is, nevertheless, a *defendant.* Had the statute provided the attorney's fee should be allowed *in the action* a different situation would be presented. The manifest object of the provision is to reimburse a defendant for the expenditure he has been put to in the employment of an attorney to defend the action. The result is the same whether he is jointly or severally sued, where expense is incurred. Nor does the fact that defendants were represented by the same attorneys alter the situation. (*Wittler-Corbin Machinery Co.* v. *Martin,* 47 Wash. 123 [91 Pac. 629].) While the provision in the statute allowing a defendant counsel fees may be in the nature of a penalty, requiring a strict construction, courts are not at liberty to strictly construe it so as to defeat the obvious intention of the legislature. This intention is to be collected from the words employed. Where there is no ambiguity in such words there is no room for construction. The statute in providing as it does

that a defendant shall be allowed an attorney's fee means just what it says.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 2, 1929.