[Civ. No. 3885. Third Appellate District.—September 10, 1930.]

H. B. REAM, Plaintiff and Appellant; v. A. J. BARR et al., Defendants and Appellants.

Lee Gebhart, L. N. Lorenzen and Allen & McNamara for Plaintiff and Appellant.

Jesse W. Carter and Tebbe & Tebbe for Defendants and Appellants.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—Both the plaintiff and the parties defendant appeal from an order taxing costs in the above-entitled action. The plaintiff appeals from the order denying his motion to strike out the cost bills filed by the defendants and the defendants appeal from the order of the court disallowing certain items in their cost bill, the order of the court disallowing only two items, to wit, $49.22, costs of tak-

ing the deposition of the defendant Monte S. Hemmy, and disallowing the sum of $100 attorneys' fees to each one of the several defendants, being presented in the defendants' brief for our consideration, we will give our attention only to the items here objected to.

The record shows that on or about July 12, 1927, the plaintiff commenced an action against the defendants in the Superior Court of Siskiyou County to recover damages in the sum of $50,000, the damages alleged to have been suffered by the plaintiff for and on account of the publication by the defendants of certain false and defamatory charges, etc. All of the defendants were served by summons, and all of the defendants, excepting the defendant Zelle, employed as their attorneys Messrs. Tebbe & Tebbe of Yreka and Messrs. Carter & Smith of Redding. These defendants appeared jointly, by demurrer, the demurrer being overruled as to all of the defendants, except the defendants Elsie V. Brooks and H. W. Brooks, and the action being dismissed on motion by plaintiff as to these two last-named defendants, the remaining defendants, represented by the attorneys just named, filed a joint answer to the plaintiff's complaint. The trial resulted in the verdict and judgment in favor of the defendants. The attorneys named participated in the trial of the action. Within five days, as provided by law, after the entry of judgment, the defendants filed separate cost bills enumerating the various items of costs incurred by the defendants jointly, and each defendant claimed one-fourteenth of the total amount of costs to which all of the defendants were entitled jointly. Each defendant also claimed $100 attorneys' fees. A joint judgment for costs was entered; and attorneys' fees allowed only in the sum of $100, to be apportioned among all of the defendants. The plaintiff made a motion to strike out the cost bills on the ground that the defendants should have joined and filed only one cost bill, and also made a motion to strike out the amount claimed by each defendant as an attorney fee, and also to strike out the item of $49.22 heretofore mentioned. The court denied the motion to strike out the cost bills, and entered an order awarding costs to the defendants jointly.

We do not find anything in sections 1022 to 1026 of the Code of Civil Procedure limiting the right of the

defendants to file cost bills according to the procedure adopted in this case. It has been held, however, by the Supreme Court that there should be a joint judgment for costs. (See *Rice* v. *Leonard,* 5 Cal. 61; *Leadbetter* v. *Lake,* 118 Cal. 515 [50 Pac. 686].) However, the court entered judgment in this case in accordance with the ruling of the Supreme Court. It follows that no prejudicial error appears, and that the motion of the plaintiff was properly denied.

The plaintiff makes the further contention that the verdict upon which the judgment was entered is not sufficient upon which to base a judgment, and a number of cases are cited in support of the plaintiff's contention. This cause, as presented to us, relates only to the taxing of costs, and there is not presented to us any appeal from the judgment. We cannot, therefore, consider the insufficiency of the verdict upon which it is based. We do not need to cite authorities to the effect that where a judgment is not void upon its face, it is not subject to collateral attack, nor do we need to follow the argument of counsel for the defendants that the informality of the verdict cannot be considered upon this appeal. The law is well settled that we cannot inquire into such questions upon a collateral attack.

Two questions only remain to be considered: The order of the court in disallowing the expense of taking the deposition of Hemmy and disallowing attorneys' fees. The record shows that prior to the trial of the action, and by stipulation of parties, the deposition of Monte S. Hemmy, witness on behalf of the defendants, and who was one of the defendants, was taken; that said defendant could not be produced as a witness at the trial of said case; and that the deposition was read into the record by and on behalf of the defendants; that said deposition consisted of 201 folios of typewritten testimony, and that the defendants paid, in notary and reporter fees, for the preparation of said testimony, the sum of $49.22. The item appears in the cost bill sworn to as being a necessary item of expenditure. An examination of the transcript fails to show that any testimony was introduced by way of affidavit, or otherwise, tending to show that such expenditure was unnecessary. The motion of the plaintiff in relation to this item was

simply as follows: "Strike out the fourteenth item of $49.22 for deposition of Monte Hemmy, on the ground that said item is unlawful, and not properly taxable, and not necessarily incurred." So far as the record before us discloses, the deposition was taken in strict accordance with the provisions of section 2032 of the Code of Civil Procedure and used as testimony upon the trial of the case. Unless it is shown that the taking of depositions was unnecessary, the costs thereof are proper to be included in the cost bill by the party in whose favor judgment is entered. (*Lindy* v. *McChesney*, 141 Cal. 351 [74 Pac. 1034]; *Eades* v. *Los Angeles Ry. Corp.*, 43 Cal. App. 259 [184 Pac. 884]; *Welch* v. *Alcott*, 178 Cal. 530 [174 Pac. 34].)

Were the several defendants entitled to $100 each to cover costs of attorneys' fees? Section 7 of the act relating to costs in libel and slander, Statutes of 1871–72, page 533, Act 4317, Deering's General Laws, reads: "In case plaintiff recovers judgment he shall be allowed, as costs, $100.00 to cover counsel fees in addition to other costs. In case the action is dismissed, or the defendant recover judgment, he shall be allowed $100.00 to cover counsel fees in addition to the other costs, and judgment therefor shall be entered accordingly." This act has been held constitutional. (*Smith* v. *McDermott*, 93 Cal. 421 [29 Pac. 34]; *Carpenter* v. *Asbley*, 16 Cal. App. 302 [119 Pac. 983]; *Engle* v. *Ehret*, 21 Cal. App. 112 [130 Pac. 1197].)

The plaintiff, in support of the order of the court, relies upon section 326 of the Political Code, which reads: "The general rules for the construction of statutes are contained in the preliminary provisions of different codes." And then calls attention to the provisions specifying that the plural includes the singular, and the singular the plural, and advances the argument that the word "defendant," used in the section of the act just referred to, includes all of the defendants in this action, and that they must be regarded as one. Even though we might be inclined to agree with this contention, the question is no longer an open one in this state. In the case of *Hills* v. *Shaffer*, 96 Cal. App. 520 [274 Pac. 388], the construction of the section of the statute which we have quoted was under consideration, and it was there held that the word "defendant" meant that each defendant in the action was entitled to $100 as and

for his attorneys' fees, in the event of judgment going in his favor. In the case of *Irwin* v. *Newby et al.*, 102 Cal. App. 110 [282 Pac. 810], the allowance of attorneys' fees in actions for libel and slander was again considered. The decision in *Hills* v. *Shaffer, supra,* was followed, and attorneys' fees in the sum of $100 awarded to the different defendants. A hearing by the Supreme Court, after decision in the District Court of Appeal, was denied. It is true that in these cases the section of the Political Code to which our attention has been called was not mentioned, but the reasoning of the two cases which we have cited leads to the conclusion that the section of the statute means that every defendant appearing in such an action, in whose favor judgment is entered, is entitled to $100 as and for his attorneys' fees.

As the right to attorneys' fees in libel cases appears to be settled by the two cases to which we have referred and the cases cited therein, it does not seem necessary to enter into any discussion of the section of the statute involved.

The order denying plaintiff's motion to strike the memoranda of costs filed by the defendants is affirmed. The order of the trial court striking from the defendants' cost bill the sum of $49.22, costs of taking deposition, and refusing to allow the several defendants attorneys' fees in the sum of $100 each, is reversed. In other particulars the order is affirmed, and the court is hereby directed to retax the costs in favor of the defendants by adding thereto said sum of $49.22 and allowing $100 for each of the several defendants.