[Civ. No. 178. Fourth Appellate District.—December 6, 1930.]

E. M. WHEATLAND, Appellant, v. M. C. MALONEY et al., Respondents.

R. T. Walters for Appellant.

Forgy, Reinhaus & Forgy for Respondents.

WARMER, J., *pro tem.*—The admitted facts, so far as pertinent here, are as follows: On February 11, 1930, plaintiff filed his complaint alleging libel against the defendants, M. C. Maloney et al. The complaint sets out the alleged libelous matter, alleges its falsity and prays for judgment for damages. The clerk, without requiring the bond provided for in the act of March 23, 1872, filed the complaint and issued summons, but no summons or notice of any kind was ever served on the defendants or any of them. On February 17, 1930, a dismissal of the action was entered by the clerk on the written order of plaintiff's attorney, at which time no appearance of any kind had been made. Plaintiff, at the time of the dismissal above referred to, immediately filed another complaint identical with the complaint in the action that had just been dismissed, at which time plaintiff gave the statutory bond, and thereupon caused summons to be issued and served. Said action is now pending. On February 20, 1930, the defendants filed a notice of motion that they would move the court to enter judgment against the plaintiff in the sum of $100 for attorney's fees in said action theretofore dismissed. The principal point presented is where a complaint in a libel action has been filed by the clerk and summons issued in the case without requiring the statutory bond and same has been dismissed by the clerk on order of plaintiff's attorneys before service of summons or appearance of the defendants of any of them, does the statute authorize the recovery by the defendants therein of the sum of $100 attorney's fees allowed by law, or does the dismissal of said action under said circumstances defeat such right?

When a complaint is filed, service of summons is not a necessary prerequisite to the right of the defendant to appear and defend such action. The summons duly served is simply a mandate requiring the appearance of said defendant in said action under penalty of having judgment entered for failure so to do. A defendant, who knows an action was pending against him, could proceed to retain counsel and begin the preparation of his defense to said pending action. If defendant has a right to appear in an attack upon an alleged cause of action after complaint filed, then he has a right to appear by attorney. Having such a right in a pending action presupposes his right to retain

or employ such an attorney. The securing of the services of an attorney is, generally speaking, a matter of private contract.

The statute to be construed is the act of March 23, 1872 (Stats. 1871–72, p. 533), and so far as pertinent here, section 1 thereof refers to the requirement for the giving of a bond by plaintiff in a libel action. Section 7 thereof is as follows:

"7. In case plaintiff recovers judgment, he shall be allowed as costs $100 to cover counsel fees in addition to the other costs. In case the action is dismissed or the defendant recover judgment, he shall be allowed $100 to cover counsel fees, in addition to the other costs, and judgment therefor shall be entered accordingly."

█ Where the defendant in a slander action employs an attorney and pays said attorney at least the sum of $100 and said attorney gives notice of motion to dismiss said action and plaintiff dismisses the action before the time set for the hearing of said motion, defendant is entitled to recover a judgment for $100 against plaintiff, as provided by said statute. (*Caffey* v. *Mann*, 3 Cal. App. 124 [84 Pac. 424].) █ In slander and libel actions it is not necessary in order to entitle the defendant to recover an attorney's fee that he move for a dismissal of the action on account of the failure on the part of plaintiff to file a bond as provided for by statute. The dismissals referred to in said statute are the dismissals generally as provided by section 581 of the Code of Civil Procedure. █ Neither is it necessary for a defendant to file a general appearance in an action to recover an attorney's fee where it appears that he employed an attorney to defend such action. The filing of a complaint in a libel action sets in motion the provisions of the statute and gives to the defendant the right to a counsel fee or $100 in the event of a dismissal in said action. (*Hills* v. *Shaffer*, 96 Cal. App. 520 [274 Pac. 388].) The defendant in a libel action when the same has been dismissed is entitled to recover $100 to cover attorney's fees under the terms of the statute, conditioned only upon two facts: First, that he has employed an attorney to defend against the action filed; second, that he has paid or agreed to pay a sum in at least the sum of $100 for such service. (*Hills* v. *Shaffer, supra.*)

■ In the case at bar the record shows a notice of motion to enter judgment in favor of the defendants and against the plaintiff in the sum of $100 for attorneys' fees, after the dismissal of said action. Said motion was granted and judgment was entered, and from the judgment so entered this appeal is prosecuted. There is no reporter's transcript of the proceedings taken and had in the trial court or bill of exceptions and we must therefore assume that the evidence was sufficient to show that the defendants had employed attorneys to defend said action and that they had paid or agreed to pay a sum in at least the amount of $100 for the services of said attorneys in said action.

All intendments are in favor of the judgment. (*Hind* v. *Oriental Products Co., Inc.*, 195 Cal. 655 [235 Pac. 438]; *Shannon* v. *Tooker*, 167 Cal. 484 [140 Pac. 10].) ■ Appellant urges that in the instant case the filing of another complaint alleging libel in the identical terms of the original complaint, that had been dismissed, takes the instant case out of the application of the above rule.

In the case at bar said action was dismissed on an order of the plaintiff. Upon said dismissal being filed, the action that had been instituted by the filing of the complaint therein ceased to exist, and the authority of the attorneys employed to defend against such action, that had been dismissed, terminated. The attorneys so employed would be and were without authority to represent the defendants in a subsequent action based upon the same cause of action, even though the same was identical in form, until the said attorneys were again authorized to represent the defendants in the new action filed. The filing of the new or second complaint instituted another action, even though identical in form, to the same extent as though the new or second complaint had been based upon an entirely distinct state of facts and stating an absolutely different cause of action. The statute is plain, clear and not ambiguous and throughout uses the term ''action'' and imposes the penalty upon the dismissal of the action. We perceive no reason why the filing of a second action should defeat the purpose of the statute.

For the foregoing reasons the judgment is affirmed.

Cary, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1931.

Seawell, J., and Preston, J., dissented.