[Civ. No. 1450.   Fourth Appellate District.—December 5, 1933.]

PETER McCALLUM, Appellant, v. M. A. MAXWELL, Respondent.

Roscoe R. Hess and James L. Davis for Appellant.

Roger C. Dutton for Respondent.

WARMER, J., *pro tem.*—The complaint in this action was for the recovery of a specified commission on the exchange of certain real property of the defendant for an apartment house belonging to a Mr. Cooper. The answer denies the allegations of the complaint, and by way of a separate defense alleges that the broker, plaintiff herein, represented to defendant that there were only two vacant apartments in the apartment house, and that the defendant was induced thereby to execute the offer of exchange of his property for the said apartment house. Judgment was for defendant, from which plaintiff appeals.

Appellant urges that there is no evidence in the record to support the judgment. Respondent maintains that the record before us is insufficient to challenge the sufficiency of the findings on account of the failure of appellant to comply with the provisions of section 648 of the Code of Civil Procedure. ■ Where a bill of exceptions brings up all of the evidence introduced at the trial and the specification points to a particular finding, it is sufficient. (*Tannahill* v. *Greening,* 85 Cal. App. 714 [259 Pac. 1017], and cases there cited.)

582

■ Appellant then asserts that the burden of proof is upon the respondent to establish the issue of fraud. This is admitted by respondent and of course must be, as fraud is an affirmative defense and the burden of proving such defense rests upon the defendant (12 Cal. Jur. 816, 826).

Appellant next contends that there is no evidence that there were any vacancies in the apartment house. ■ That plaintiff was the agent of the defendant is conceded. Hence, plaintiff is bound to the highest degree of good faith to his principal, the defendant. (*Gammon* v. *Ealey & Thompson*, 97 Cal. App. 452 [275 Pac. 1005].) ■ The intendments are in favor of the judgment, and if the evidence in support of the findings be substantial, either with or without conflict, the findings are sufficiently supported (*Hind* v. *Oriental Products Co.*, 195 Cal. 655 [235 Pac. 438]; *Shannon* v. *Tooker*, 167 Cal. 484 [140 Pac. 10]). ■ In examining the sufficiency of a questioned finding the appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account as well all inferences which might reasonably have been thought by the trial court to lead to the same conclusion (*Delannoy* v. *Queto*, 73 Cal. App. 627 [239 Pac. 71], and *Menotti* v. *Marchesi*, 63 Cal. App. 49 [218 Pac. 439]).

■ Actual fraud is committed where one, with intent to induce another to enter into a contract, makes a positive assertion, in a manner not warranted by the information of such person, of that which is not true, even though he believes it to be true. A party will always be held to make good his statement in the form in which he makes it (*Muller* v. *Palmer*, 144 Cal. 305 [77 Pac. 954]; *McMahon* v. *Grimes*, 206 Cal. 526 [275 Pac. 440]).

■ It appears from the record that respondent signed the exchange agreement after Mr. McCallum, appellant herein, had brought it to him with the statement that there were but two vacancies in the apartment house; that respondent had said to him, "Now, are you sure that is so? I don't want to sign until I am sure"; that appellant took respondent over to the apartment house some time prior to the date of signing the exchange agreement and explained to him that the manner of determining the vacancies was by ascertaining the number of mail-boxes in the lobby or hallway of the apartment house that had no names on

them. If there was no name on a mail-box it meant that the apartment served by that particular mail-box was vacant. On that occasion such method of determination of vacancies showed four vacancies, and appellant told respondent such was a fact. Almost immediately after signing the agreement or offer of exchange respondent, accompanied by his father-in-law, went to the apartment house and, applying the same method as hereinbefore described for determining vacancies, discovered that there were nine vacancies, according to the number of mail-boxes having no names thereon. If, a short time before, such method of determining vacancies was sufficient for appellant to represent to respondent that it correctly revealed the actual vacancies, appellant cannot later complain if respondent uses the same method suggested by appellant for determining the desired facts. Appellant objected to all of the above evidence. We see no error in the admission of this testimony. There is no evidence that the method or yardstick of measurement was not used, or that the facts so determined were not true. Appellant ought not to be heard to say, in effect: ''You (respondent) go to said apartment house. There you will find mail boxes in the hall, and each mail box without a name thereon indicates a vacant apartment in the apartment house.'' Then, when such direction is followed by respondent, his principal, appellant cannot say that evidence regarding the same is inadmissible, or, in effect: ''I chose the yardstick or method for determining a fact. It was used by you and the fact so determined is against me. Therefore, such a manner of determining the fact, not being the most scientific possible, I repudiate it as incompetent, without value, and cannot be bound thereby. It is not even evidence of the fact.''

The record shows that following the date of the signing of the offer of exchange, respondent went to Los Angeles and met appellant; that respondent said he was ready to go into escrow, but wanted to check up on what appellant had theretofore said to him, suggesting that the checking be done at once. Whereupon, appellant told him that could not be done (giving some very questionable purported reasons). Then the declaration was made by appellant: ''You have to take it as it is.''

■ We think the circumstances, conduct of the parties, and the testimony, without further quotation therefrom, are sufficient to support the finding of the trial court that there were more than two vacancies. It is only necessary to quote enough of the evidence to show that the finding is supported (*Bancroft-Whitney Co.* v. *McHugh*, 166 Cal. 140 [134 Pac. 1157]). The evidence is uncontradicted that appellant made the representation that there were only two vacancies in the apartment house before respondent signed the exchange agreement. Construing the evidence in the light most favorable to the defendant herein brings the statements clearly within the provisions of section 1572 of the Civil Code. (*McMahon* v. *Grimes, supra.*) The evidence is sufficient to support the finding of the trial court.

The conclusion that we have arrived at makes it unnecessary to discuss the other points raised on appeal.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.