[Civ. No. 20550.   Second Dist., Div. Two.   July 28, 1955.]

MICHAEL D. JEFFERS, Appellant, v. SCREEN EXTRAS GUILD, INC. (a Corporation) et al., Defendants; LEO ABBEY et al., Respondents.

[Civ. No. 20926.   Second Dist., Div. Two.   July 28, 1955.]

MICHAEL D. JEFFERS, Appellant, v. SCREEN EXTRAS GUILD, INC. (a Corporation) et al., Defendants; RICHARD H. DICK GORDON et al., Respondents.

Perry Bertram for Appellant.

Gilbert, Nissen & Irvin for Respondents.

McCOMB, J.—Two appeals have been consolidated from orders granting $100 to cover counsel fees to each of 31 successful defendants in an action for alleged libel.

*Facts:* Each of 31 prevailing defendants were members of

defendant Screen Extras Guild, Inc., at the time of the bringing of an action for libel.

Following a judgment in favor of defendants, cost bills were filed and a motion to tax costs was then made. In support of this motion plaintiffs filed three affidavits, one of Attorney Maury, which was "made entirely upon information and belief," and two others, one by Attorney Bertram and another by Walter Bacon. These affidavits were based upon hearsay statements. The purpose of these affidavits was to show that defendants had in fact not incurred any attorney's fees.

The court struck the affidavits as irrelevant, immaterial, founded upon hearsay and based upon information and belief.

*Questions:* First: *Did the trial court err in striking the affidavits in support of the motion to tax costs?*

*No.* ■ An examination of the affidavits discloses that the statements therein were upon information and belief or hearsay evidence. Hence they were devoid of any evidentiary value. An affidavit made upon information and belief is hearsay and not proof of the facts stated therein. (*Kellett* v. *Kellett,* 2 Cal.2d 45, 48 [1] [39 P.2d 203]; *Pratt* v. *Robert S. Odell & Co.,* 63 Cal.App.2d 78, 82 [2] [146 P.2d 504]; *Moore* v. *Thompson,* 138 Cal. 23, 26 [70 P. 930].)

■ The rule is also established that the sufficiency of an affidavit must be tested by the same rules as those applicable to oral testimony. (*Bank of America* v. *Williams,* 89 Cal. App.2d 21, 23 [2] [200 P.2d 151].)

It is clear that the hearsay statements in the affidavits have no evidentiary value and the trial court correctly struck the affidavits from the record.

■ Second: *Were defendants entitled to have taxed as costs $100 attorneys' fees?*

*Yes.* If a libel action is dismissed or defendant recovers judgment he shall be allowed $100 to cover counsel fees in addition to other costs. (Code Civ. Proc., § 836.)

In the present case counsel filed verified cost bills in which they claimed $100 for each defendant as attorneys' fees. ■ A verified memorandum of costs is prima facie evidence that the costs claimed have been necessarily incurred. (*Fay* v. *Fay,* 165 Cal. 469, 475 [132 P. 1040]; *Meyer* v. *San Diego,* 132 Cal. 35, 36 [64 P. 124]; *Murphy* v. *F. D. Cornell Co.,* 110 Cal.App. 452, 454 [2] [294 P. 490].)

It thus appears that defendants have made a prima facie case in support of their claim that they each incurred liability for attorneys' fees in the sum of $100, and that this

prima facie evidence was not overcome by competent evidence of plaintiffs.

In view of this finding of the trial court, supported by competent evidence the requirements set forth in *Wheatland* v. *Maloney*, 110 Cal.App. 288 [294 P. 499], that as a prerequisite to recovering attorneys' fees by a defendant in a libel action, two facts must be shown: (1) that he has employed an attorney to defend against the action filed, and (2) that he has paid or agreed to pay an amount in at least the sum of $100 for such services has been met in light of the record before this court.

Affirmed.

Moore, P. J., and Fox, J., concurred.