[Civ. No. 21698. Second Dist., Div. One. Apr. 9, 1956.]

MICHAEL D. JEFFERS, Appellant, v. SCREEN EXTRAS GUILD, INC., et al., Respondents.

Perry Bertram for Appellant.

Gilbert, Nissen & Irvin and Robert W. Gilbert for Respondents.

WHITE, P. J.—Respondents move to dismiss this appeal upon the following grounds:

"(1) That within the time allowed therefor, and thereafter up to the present time, appellant has failed to deposit the necessary sum of money or any sum whatsoever to secure the estimated cost of preparing the reporter's transcript herein and has further failed to procure and file a waiver of such deposit signed by the reporter, as required by Rule 4(c) of the Rules on Appeal;

"(2) That solely by reason of appellant's failure to make the necessary arrangements to procure the preparation and filing of the reporter's transcript herein, as required by Rule 4(d), no record on appeal has been transmitted and filed as required by Rule 10(a) of the Rules on Appeal;

"(3) That no bond or undertaking to secure costs on the part of the plaintiff and appellant is on file with the Clerk of the Superior Court in the instant libel action as required by section 830 of the Code of Civil Procedure of the State of California;

"(4) That appellant has failed and refused to comply with the previous judgments for costs of the Superior Court in the instant libel action which judgments were based upon orders previously affirmed by this Honorable District Court of Appeal (134 Cal.App.2d 622 [286 P.2d 30]), granting $100.00 to cover counsel fees to each of 31 successful defendants;

"(5) That appellant has failed and refused to comply with the previous judgment of this Honorable District Court of Appeal granting respondents their costs on appeal upon two previous appeals herein. . . ."

█ Appellant resists the motion upon grounds stated in supporting affidavits filed by himself, his wife and his attorney. These grounds may be epitomized from the affidavit of appellant's wife, who avers that immediately following denial of appellant's motion for a new trial, he and she were advised by the former's attorney that the estimated cost of an appeal would be approximately $7,500; that appellant owns no property and is without sufficient funds to procure a reporter's transcript, but that affiant is the owner of certain real property in the county of Los Angeles, as her sole and separate property. That she immediately commenced negotiations to borrow the amount necessary to prosecute her husband's appeal. To that end, affiant ". . . consulted approximately eight to ten different real estate brokers and loan brokers, all of whom were generally familiar with property values in the area in which

affiant's property is located, to wit, near the summit of Cold-water Canyon Drive and on Mulholland Drive in Los Angeles, California. With each of these people, affiant gave a complete statement concerning plaintiff's earnings, affiant's earnings and the existing encumbrances on the property and was assured that there would be no difficulty in raising the amount of money needed for the appeal. Upon such assurance, plaintiff's attorney was instructed to perfect the appeal.

"During the next two to three weeks immediately following the filing of the notice of appeal, affiant further discussed the making of the necessary loans on her property with the aforementioned brokers. It then, for the first time, became apparent that with brokerage fees of ten per cent on not only the amount to be raised but on the additional amount necessary to clear the existing encumbrances together with maximum interest rates, together with incidental costs, fees and bonuses, the net amount available to affiant would be considerably less than the amount needed for the appeal.

"Early in December, 1955, affiant was referred to a loan representative of certain eastern insurance companies. This party obtained a commitment for a maximum loan to be made by an eastern insurance company which was sufficient to pay off the existing encumbrances and yield to affiant over and above the costs of the loan the amount needed to pay the costs of appeal. Affiant made formal application for said loan and had an official appraisal of the property made for the purpose of completing the application. The final step was to be an inspection of the property by the agent employed by the company in Los Angeles for this purpose."

Affiant then avers that the agent became ill and was unable to make an inspection of the property until about the middle of January, 1956. That the agent approved the property for the amount of the loan applied for and sent his report to the insurance company. That on or about February 8, 1956, affiant was advised that for stated reasons the loan would not be approved for the full amount, but only for an amount which would be insufficient to meet the needed costs of appeal. It is then averred that affiant earnestly continued her efforts, but was unable to secure a loan in the amount needed. Finally, affiant avers, that through a broker who represents a number of loan companies, she was assured that a loan of sufficient amount could be made. That the transaction should be in escrow within a matter of days. At the oral argument, on March 27, 1956, before this court, appellant's counsel stated

that the escrow would be established within a few days and asked that appellant be granted 30 days within which to deposit with the clerk of the superior court the estimated cost of preparing a reporter's transcript.

The within action was commenced May 18, 1950, seeking damages for libel; an amended complaint was filed July 11, 1950, wherein the relief sought is for judgment against defendants for general damages in the sum of $100,000, and for punitive and exemplary purposes in the sum of $100,000. On September 26, 1950, a second amended complaint was filed. On April 27, 1953, an amendment to the first amended complaint was filed.

Since May 18, 1950, when the action was initiated, to the present date, the cause has been the subject of three trials in the Superior Court of Los Angeles County and four appeals by appellant to this court, including the appeal now before us.

The judgment which is the subject of this appeal was entered on September 20, 1955, and notice of appeal therefrom was filed November 9, 1955. Notice to the clerk to prepare clerk's and reporter's transcripts was given on November 18, 1955. The clerk's transcript was filed February 10, 1956, but to date no arrangement has been made with the clerk for payment of the reporter's transcript, and no waiver of deposit has been filed by reporter (rule 4(c), Rules on Appeal).

We are not unmindful of the fact that it is a fundamental rule of appellate procedure that the burden rests upon an appellant to use reasonable diligence to perfect and prosecute his appeal but, that in proper cases, relief from default may be extended is evidenced by the provision of rule 53(b), Rules on Appeal, which provides that, "The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, . . ." Therefore, the question squarely presented to us for determination is whether, on the showing made, appellant is entitled to relief from default for failure to comply with the Rules on Appeal. We are persuaded that appellant and his wife have exercised a sincere and reasonable amount of diligence to comply with the rules, as is evidenced by the foregoing affidavit of appellant's wife.

 It is axiomatic that the courts favor a determination of litigation upon the merits and that all parties should have their day in court at all stages of the proceedings. Because of this long recognized policy, courts are reluctant to dismiss an appeal for delays in complying with the rules, unless not

to do so would result in manifest injustice or prejudice to the moving party.

In the instant case the notice of appeal was filed November 9, 1955, and the clerk's transcript has been procured and filed. In view of appellant's efforts to obtain funds for a reporter's transcript, we do not regard the delay as flagrant. And from a review of the record before us on this motion which contains references to the previous trials and other proceedings had, we are not prepared to say, as contended by respondents, that by his present appeal, appellant seeks ''further unwarranted harassment of respondents by litigious and dilatory tactics.'' Furthermore, appellant asks for only 30 days within which to deposit with the clerk the sum required for preparation of reporter's transcript.

As further grounds for dismissal of the appeal, respondents urge that appellant has failed to comply with previous judgments for costs in the superior court in the instant action, and which judgments were based upon orders previously affirmed by this court (*Jeffers* v. *Screen Extras Guild, Inc.*, 134 Cal.App.2d 622 [286 P.2d 30]), awarding $100 to cover counsel fees to each of 31 successful defendants who were eliminated from the action by nonsuits and dismissals. Also, that appellant has failed and refused to comply with the previous judgment of this court granting respondents their costs in two appeals.

We do not regard these obligations as coming within the purview of the rule that one cannot ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. There is no showing before us that appellant's failure to comply with the orders and judgments above mentioned was either contumacious or willful. As was said by this court in *Tobin* v. *Casaus*, 128 Cal.App.2d 588, 592 [275 P.2d 792]:

''The right to an appeal must not be lightly forfeited, and where a doubt exists as to a litigant's conduct being contumacious or wilful, an appellate court will tolerate temporarily the acts which were disruptive of the judicial process. We always prefer to resolve a cause on its merits; once the rights of the parties have been determined with finality, then the thwarted authority and offended dignity of the court may be assuaged with condign sanctions to the extent of the affront.''

We are inclined to the view that the interests of justice will best be served if the appeal is not dismissed and appellant

is granted 30 days within which to deposit the required amount with the clerk of the superior court for preparation of a reporter's transcript.

It is therefore ordered that if appellant, within 30 days after the filing of this opinion, deposits with the clerk of the superior court the amount of money necessary for preparation of a reporter's transcript, and which amount the clerk is ordered to accept, the motion to dismiss will be denied and the cause will be decided on the merits.█ However, if appellant fails so to do for any reason whatsoever, the motion to dismiss is to be granted without further hearing or opinion. (*Tobin* v. *Casaus, supra,* p. 593.)

Doran, J., and Fourt, J., concurred.