[Civ. No. 27822.   Second Dist., Div. Three.   Jan. 30, 1964.]

TRI-STATE MANUFACTURING COMPANY, Petitioner v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SIERRA FIREWORKS COMPANY, Real Party in Interest.

Blase A. Bonpane for Petitioner.

No appearance for Respondent.

Moss, Lyon & Dunn and Harold H. Brown for Real Party in Interest.

SHINN, P. J.—Tri-State Manufacturing Company, an Ohio corporation, petitions for a writ of mandate requiring the Superior Court to annul its order for service of summons upon it by substituted service and to quash service made by delivering process to the Secretary of State. The summons was issued upon the cross-complaint of Sierra Fireworks Company, defendant in an action brought against it by Ronald Parsons.

The substituted service was attempted to be made upon Tri-State as a foreign corporation doing business in California pursuant to section 411, subdivision 2, Code of Civil Procedure, and section 6501 of the Corporations Code. The latter section authorizes service by delivery of process to the Secretary of State when it is shown by affidavit to the satisfaction of the court or judge that the corporation sought to be served is doing business in the state and that service cannot be made by personal delivery of process to a person authorized to be served as stated in section 6500. Having filed a cross-complaint against Tri-State, Sierra, in applying for an order for substituted service, filed a document containing introductory statements as follows: "State of California, County of Los Angeles, ss: Ronald L. Baker, being first duly sworn, deposes and says: That I am an attorney at law duly licensed to practice in the State of California

and associated in the practice of law with the firm of Moss, Lyon & Dunn, attorneys of record in the within action for defendant and cross-complainant Sierra Fireworks Company. I have reviewed the file in this matter and I am personally familiar with the particulars therein contained.''

With respect to the matters necessary to be shown in order to obtain an order for substituted service, the statements of fact are prefaced by such as the following: ''From the file it appears'' — ''The following facts are offered from the file'' — ''It further appears from the file'' — ''The file further reflects'' etc. Presumably, the references are to the file in the office of the attorneys, although this is not so stated. Although the document was subscribed by Mr. Baker, it bears no jurat and no prepared form of jurat to be executed by an officer authorized to administer oaths. The statement contains no certificate or declaration under penalty of perjury as authorized by section 2015.5 of the Code of Civil Procedure.

Tri-State appeared specially and made a motion for an order vacating the order for substituted service and quashing the purported service consisting of delivery of process to the Secretary of State. The ground of the motion was that there was an insufficient showing on behalf of Sierra to support an order for the substituted service. The motion was based upon an affidavit of Arthur Rozzi and all the papers and documents on file and upon evidence to be introduced upon the hearing. Affidavits were filed on behalf of the parties relating to the question whether Tri-State was doing business in California. The motion was denied. We are of the opinion that the motion should have been granted.

■ It is elementary that substituted service upon a foreign corporation may be made only in the manner and form authorized by statute. ■ An indispensable requisite is an affidavit showing that the corporation sought to be served is subject to California jurisdiction and that personal service of process cannot be had. ■ The unverified statement of Mr. Baker was the only document filed in support of the application for the order and this statement was not an affidavit. The absence of an affidavit would have been a sufficient reason for granting the motion to quash service. ■ But aside from the fact that the statement was unverified, it was manifestly insufficient as the basis for the order. It appears throughout the statement that Mr. Baker did not have, or pretend to have, personal knowledge of the material facts necessary to be shown by affidavit. Upon the contrary, he

merely examined the office file and drew his conclusions from the material which he found in the file. He was not shown to have had any connection with the business of Sierra or any knowledge of the nature of Sierra's business with Tri-State or of the latter's activities in California. Whatever may have been the material in the file, it may or may not have furnished support for the conclusions of Mr. Baker. Even an affidavit in the same form as the statement would have been no better than one based wholly upon information and belief. Reference was made in the statement to letters or copies of letters found in the file but these were in no manner verified. No showing was made as to the authenticity of any of the material which Mr. Baker examined. If the entire office file of the attorneys had been brought to court and offered as the basis for an order for substituted service without any proof of the authenticity of the contents, it would have been rejected by the court as insufficient to justify an order. ▇ In an affidavit facts must be positively set forth, and an affidavit which merely states conclusions or opinions of the affiant is insufficient. In *People* v. *Thompson*, 5 Cal.App.2d 655, at page 664 [43 P.2d 600], the court said: " 'The true test of the sufficiency of an affidavit is whether it has been drawn in such a manner that perjury could be charged thereon if any material allegation contained therein is false.' It is evident that an affidavit which simply states opinions and conclusions does not come within this rule." (*Jeffers* v. *Screen Extras Guild, Inc.*, 134 Cal.App.2d 622, 623 [286 P.2d 30]; *Franklin* v. *Nat C. Goldstone Agency*, 33 Cal.2d 628, 631 [204 P.2d 37].)

In the reply of Sierra to the petition in the present proceeding it is alleged that the jurat to the statement of Mr. Baker was omitted through inadvertence, oversight and clerical error. Even so, there was nothing presented to the court to show that Mr. Baker had ever been sworn or that he had ever made any declaration to an officer authorized to administer oaths.

▇ Due to want of verification, the statement was insufficient to give the court jurisdiction to order substituted service. And the showing was insufficient for the further reason that the statement itself, being devoid of facts affirmatively asserted, and consisting of mere conclusions and hearsay, was a nullity and of no evidentiary value.

Let a writ issue as prayed for.

Ford, J., and Files, J., concurred.