99 Cal.App.3d 112 (1979)
159 Cal. Rptr. 905
YAMADA BROTHERS, Plaintiff and Appellant,
v.
AGRICULTURAL LABOR RELATIONS BOARD, Defendant and Respondent; UNITED FARM WORKERS OF AMERICA, AFL-CIO, Real Party in Interest and Respondent.
Docket No. 16849.
Court of Appeals of California, Third District.
November 28, 1979.
*115 COUNSEL
Littler, Mendelson, Fastiff & Tichy, George J. Tichy II, John M. Skonberg and Lloyd W. Aubry for Plaintiff and Appellant.
Harry J. Delizonna, Manuel M. Medeiros and Edward Lowrey for Defendant and Respondent.
Jerome Cohen, Sanford N. Nathan, Tom Dalzell, Deborah Wiener Peyton, W. Daniel Boone, Glenn Rothner, E. Michael Heumann II, Linton Joaquin, Kirsten Zerger and Dianna Lyons for Real Party in Interest and Respondent.
*116 OPINION
PUGLIA, P.J.
Yamada Brothers appeals from a judgment of dismissal after the superior court sustained the demurrers of the Agricultural Labor Relations Board (ALRB) and real party in interest, United Farm Workers of America (UFW), to Yamada's petition for writ of mandamus. At issue is whether an employer may seek judicial review by way of mandamus of an ALRB order extending the certification of a labor union. (Lab. Code, § 1155.2, subd. (b); all statutory references hereafter are to the Labor Code unless otherwise indicated.)

FACTS
On December 1, 1975, following a representation election conducted under the auspices of the California Agricultural Labor Relations Act (ALRA) § 1140 et seq.), UFW was certified as the collective bargaining representative for certain of the workers hired by Yamada (appellant). Contract negotiations between appellant and UFW began shortly thereafter and continued without resolution. (1) (See fn. 1.) On September 28, 1976, UFW filed with the ALRB an unsworn petition composed of hearsay allegations that appellant had failed to bargain in good faith, and requested the board to extend the union's certification until December 1, 1977.[1] (§ 1155.2, subd. (b).)[2] Appellant *117 filed in response a sworn statement and exhibits controverting the allegations made by UFW, attacking the competency of the hearsay evidence submitted by the union, and challenging the sufficiency of the union's petition as a statement made "under oath" as required by ALRB regulations. (Cal. Admin. Code, tit. 8, § 20382, subd. (b).)[3]
*118 Acting solely on the basis of the pleadings thus filed by the respective parties and without noticing a hearing, the ALRB issued an order, filed November 10, 1976, extending UFW's certification until December 1, 1977. The order was based upon appellant's "... delay in submitting a counterproposal, refusal to bargain about hours of work and overtime and union security provisions, failure to produce an adequate seniority list, and demoting one worker and reducing the wages of another upon their return from a negotiating session, ..." The order also stated that such findings would not be admissible in any unfair labor practice proceeding under section 1153, subdivision (e). (See Cal. Admin. Code, tit. 8, § 20382, subd. (g), fn. 3, this page.) On December 7, 1976, the board summarily denied appellant's motion for reconsideration of its order extending certification.
On March 24, 1977, appellant petitioned for a writ of mandate in the superior court and alleged inter alia that the ALRB had acted without statutory authority and in excess of its jurisdiction by issuing the order extending certification on the basis of incompetent evidence (i.e., an unsworn petition containing nothing but hearsay allegations) and by failing to make the statutorily required finding that appellant had not "bargained in good faith." (§ 1155.2, subd. (b), fn. 2, ante, p. 117.)
Upon the issuance of an alternative writ and order to show cause, ALRB and UFW demurred on the basis that the court had no subject matter jurisdiction because the order was not a "final" one subject to judicial review (§ 1160.8), and because appellant was not "beneficially interested" (see Code Civ. Proc., § 1086) in the board's order. On April 20, 1977, the court sustained the demurrers, discharged the alternative writ, and dismissed appellant's petition. This appeal ensued.
By its terms, the statute authorizing the ALRB to issue an order extending certification permits extension of a labor organization's certification only for one 12-month period following the initial 12-month certification (§ 1155.2, subd. (b), fn. 2, ante, p. 117). Thereafter, *119 however, UFW charged appellant with unfair labor practices and the ALRB responded by filing an unfair labor practice complaint against appellant. The complaint is predicated largely on appellant's refusal to bargain in good faith during the period of certification extension. We have stayed further proceedings by the board on the unfair labor practice complaint pending resolution of this appeal.
As will appear from the discussion which follows, an order extending certification also extends the employer's duty to bargain in good faith with the certified labor organization (§ 1153, subd. (e)); furthermore, the validity of the order extending certification cannot be challenged in the review of a final order of the board in an unfair labor practice proceeding (§ 1160.8; cf. § 1158). Thus, despite the expiration of the one-year extension of certification, the unfair labor practices complaint keeps alive the controversy between the parties framed by the appellant's petition for writ of mandamus.

I

Judicial Review of the Order Extending Certification
One of the grounds upon which the superior court sustained the demurrer to appellant's petition was that the ALRB's order extending certification was not a "final order" subject to judicial review. (See § 1160.8.) On appeal, appellant contends judicial review via mandamus lies because the board was without jurisdiction to extend certification and did so in violation of a clear and mandatory statutory provision. Further, appellant contends no adequate remedy at law exists by which to challenge the board's jurisdictional violation because it has exhausted all administrative remedies and the board's extension order is immune from review under the statute and ALRB rules. Thus, appellant maintains, mandamus is the only available avenue to review the board's extension of certification. For reasons which will appear, we agree with appellant.
Enacted in 1975, the ALRA was patterned after the National Labor Relations Act (NLRA) (29 U.S.C.A. §§ 151-168); "applicable" precedents under the federal act are controlling in construing the state act. (§ 1148.)
The provisions of the ALRA relating to judicial review of board actions and decisions closely parallel review provisions of the NLRA. Section 1160.8, like its federal counterpart, NLRA section 10(f) (29 *120 U.S.C.A. § 160(f)), permits an aggrieved person judicial review of a "final order" of the board following an unfair labor practice proceeding. Section 1160.8 differs from the federal provision only in that the aggrieved person must petition the Court of Appeal within 30 days following the order. (See Belridge Farms v. Agricultural Labor Relations Bd. (1978) 21 Cal.3d 551, 556 [147 Cal. Rptr. 165, 580 P.2d 665].)
(2) Under both the state and federal acts, however, board decisions in certification proceedings normally are not directly reviewable in the courts and only become reviewable when drawn into question in conjunction with an unfair labor practice proceeding.[4] (Nishikawa Farms, Inc. v. Mahony (1977) 66 Cal. App.3d 781, 787 [136 Cal. Rptr. 233]; Radovich v. Agricultural Labor Relations Bd. (1977) 72 Cal. App.3d 36, 39 [140 Cal. Rptr. 24]; Boire v. Greyhound Corp. (1964) 376 U.S. 473, 476-477 [11 L.Ed.2d 849, 852, 84 S.Ct. 894].) Like the NLRA (see § 9(d) (29 U.S.C.A. § 159(d)), the ALRA provides for inclusion in the judicial record filed with the Court of Appeal of facts certified pursuant to election proceedings and investigations (§§ 1156.3-1157.2) when at issue in an unfair labor practice proceeding. (§ 1158.) Significantly, section 1158 does not provide for inclusion of proceedings to extend certification in the record certified for judicial review of unfair labor practice proceedings.[5]
Although this indirect method of judicial review imposes significant delay in testing board decisions regarding employee representation, Congress, in enacting the NLRA, precisely intended such a delay. (Boire v. Greyhound Corp., supra, 376 U.S. at p. 476 [11 L.Ed.2d at p. 852]; accord re ALRA, Nishikawa Farms, Inc. v. Mahony, supra, 66 Cal. App.3d at p. 790.) Both the House and Senate reports clearly delineate the policy judgment which favors restricted judicial review of *121 certification proceedings under the NLRA. The purpose of section 9(d) is to provide "`for review in the courts only after the election has been held and the Board has ordered the employer to do something predicated upon the results of the election.'" (Boire, supra, at p. 479 [11 L.Ed.2d at pp. 853-854], quoting 79 Cong. Rec. 7658.) That policy was reaffirmed in 1947 when Congress rejected an NLRA amendment which would have permitted review immediately after certification: Senator Taft noted, "`such provision would permit dilatory tactics in representation proceedings.'" (Ibid., quoting 93 Cong. Rec. 6444.)
However, the general statutory insulation from direct judicial review of board decisions other than final orders in unfair labor practice proceedings is not impermeable. Under both federal and California law, courts may exercise their equitable powers to review board determinations in exceptional circumstances. (See e.g. Annot. 2 A.L.R.Fed. 376.) One extraordinary circumstance so permitting is where a decision violates a clear and specific mandatory or prohibitory provision of the act. (Belridge Farms v. Agricultural Labor Relations Bd., supra, 21 Cal.3d at p. 556; Nishikawa Farms, Inc. v. Mahony, supra, 66 Cal. App.3d at pp. 788-789; Leedom v. Kyne (1958) 358 U.S. 184 [3 L.Ed.2d 210, 79 S.Ct. 180]; United Federation of College Teach., Loc. 1460 v. Miller (2d Cir.1973) 479 F.2d 1074, 1075; Terminal Freight Handling Co. v. Solien (8th Cir.1971) 444 F.2d 699, 703-704.) Another exception recognized by the federal courts is where the complaining party raises a colorable claim that the board decision violates his constitutional rights. (Fay v. Douds (2d Cir.1949) 172 F.2d 720, 723; Grutka v. Barbour (7th Cir.1977) 549 F.2d 5, cert. den., 431 U.S. 908 [52 L.Ed.2d 394, 97 S.Ct. 1706]; see also Belridge Farms, supra, 21 Cal.3d at p. 556; Nishikawa Farms, supra, 66 Cal. App.3d at p. 788.) In any case, a prerequisite to equitable relief outside the provisions of the act is the unavailability of an ultimate judicial remedy in conjunction with review of an unfair labor practice proceeding. (Leedom v. Kyne, supra, 358 U.S. at p. 190 [3 L.Ed.2d at p. 215]; Sears, Roebuck and Co. v. Solien (8th Cir.1971) 450 F.2d 353, 356, cert. den., 405 U.S. 996 [31 L.Ed.2d 465, 92 S.Ct. 1252].)
At this juncture, it is important to note that federal and state precedents regarding justiciability in equity have involved initial certification questions. The extension of certification drawn into question in the instant case is of a different species than an initial certification. The latter is the consequence of employee selection of a bargaining representative *122 whereas the former follows from a statutorily prescribed board finding that an employer has refused to bargain in good faith with the certified employee representative. (§§ 1156.3-1157.2; cf. § 1155.2, subd. (b).)
As appellant argues, board action regarding extension of certification, if not the equivalent, has attributes of an unfair labor practice proceeding. Since an order extending certification is predicated on a finding of an employer refusal to bargain in good faith with a certified union (§ 1155.2, subd. (b)), the plain language of section 1153 strongly suggests that extension is in fact a type of unfair labor practice proceeding. Section 1153 provides: "It shall be an unfair labor practice for an agricultural employer ... [¶] (e) To refuse to bargain collectively in good faith with labor organizations certified pursuant to the provisions ... of this part." There is federal support for such a conclusion in the judicially interpolated power of the NLRB to extend or renew an initial certification after finding the employer committed an unfair labor practice by refusing to bargain in good faith. (N.L.R.B. v. All Brand Printing Corp. (2d Cir.1979) 594 F.2d 926, 929; Franks Bros. Co. v. National Labor Rel. Bd. (1944) 321 U.S. 702, 705-706 [88 L.Ed. 1020, 1023, 64 S.Ct. 817].)
Nonetheless, the ALRB, as the expert body delegated the authority to administer and interpret the act, has adopted a rule excluding the finding of unfair labor practice essential to extension of certification as evidence that an unfair labor practice has been committed. (Cal. Admin. Code, tit. 8, § 20382, subd. (g) fn. 3, ante, p. 118.) And as evidenced by the present appeal, the board takes the position that an order extending certification is a nonfinal order which cannot be directly reviewed pursuant to section 1160.8.[6]
(3) For present purposes, we accept the board's position that a proceeding to extend certification is not the equivalent of an unfair labor practice proceeding. Nonetheless, in these particular circumstances, it is clear the ALRB has acted in excess of its jurisdiction in violating a specific and mandatory provision of the act for which the act provides no *123 means of redress, thereby bringing the controversy within the equitable jurisdiction of the court. Under section 1155.2, subdivision (b), the board may extend certification of a labor organization up to one additional year only if the board finds that the employer has not bargained in good faith. In mandatory and clear language, the subsection requires: "... the board shall determine whether an employer has bargained in good faith with the currently certified labor organization...." (Italics added.) The board's administrative regulations echo the statutory requirement: "The sole ground for the petition [for extension of certification] is that the labor organization has requested the employer to bargain, and the employer has failed to bargain in good faith." (Cal. Admin. Code, tit. 8, § 20382, subd. (a), fn. 3, ante, p. 117.) The ALRB failed to make a finding that appellant had not bargained in good faith during the initial certification year. Instead, the board's decision, reached without hearing, merely recited that it was based upon appellant's "... delay in submitting a counterproposal, refusal to bargain about hours of work and overtime and union security provisions, failure to produce an adequate seniority list, and demoting one worker and reducing the wages of another upon their return from a negotiating session." There is no indication in its order that the board ever found that the above "facts" singly or in combination constituted a refusal to bargain in good faith. Where a statute mandates a specific finding before a board may render a decision, failure to make such a finding renders the administrative action fatally defective. (See City of Fair-field v. Superior Court (1975) 14 Cal.3d 768, 779 [122 Cal. Rptr. 543, 537 P.2d 375].)
We reject the argument of both UFW and the ALRB that appellant is afforded a remedy to test the board's order by refusing to bargain and thus obtaining indirect review via an unfair labor practice proceeding. There exists no avenue under the act or current administrative regulations for the California courts to enforce the statutory command of section 1155.2, subdivision (b). (See Leedom v. Kyne, supra, 358 U.S. at p. 190 [3 L.Ed.2d at p. 215].) As already noted, section 1158 makes provision for inclusion in the record of an unfair labor practice proceeding reviewed pursuant to section 1160.8 only the proceedings on initial certification following election of a bargaining representative. Indeed, the board's interpretive regulations render its orders extending certifications and findings thereon inadmissible in an unfair labor practice action. (Cal. Admin. Code, tit. 8, § 20382, subd. (g).) Unlike initial certification questions, appellant cannot obtain indirect review by refusing *124 to bargain. Thus, the statutory procedures for reviewing board orders under section 1160.8 are unavailable to appellant.
The courts cannot lightly infer that the Legislature "... does not intend judicial protection of rights it confers against agency action taken in excess of delegated powers." (Leedom v. Kyne, supra, 358 U.S. at p. 190 [3 L.Ed.2d at p. 215].)
Recent appellate cases declining to permit direct judicial review of board certifications do not compel a contrary result. In Nishikawa Farms, supra, the court acknowledged the narrow exception permitting review where the board acts without statutory authority, but held the exception inapplicable to review a factual determination of the ALRB. Here, appellant has not requested the superior court to review the board's factual determinations but questions the board's authority to issue an order without the requisite finding mandated by statute.
Radovich v. Agricultural Labor Relations Bd., supra, 72 Cal. App.3d 36, involved initial ALRB certification following an election. ALRB failed to hold an election within seven days after an election petition was filed as prescribed by section 1156.3, subdivision (a)(4); the court determined the case did not fall within the narrow exception permitting review because the statutory time limit was directory rather than jurisdictional and the employer had an available remedy to contest the issue in a subsequent unfair labor practice proceeding. As we have taken pains to point out, neither of the bases for denying review in Radovich v. Agricultural Labor Relations Bd., supra, applies here.
In light of our conclusion that the provisions of the ALRA do not preclude equitable review of jurisdictional excesses of the ALRB otherwise unreviewable under the act, it necessarily follows that the board order was final for purposes of review in mandamus.

II

Yamada's "Beneficial Interest"
(4) A petitioner seeking a remedy by either traditional or administrative mandamus must be a "party beneficially interested," with a substantial right to be protected by issuance of a writ (Code Civ. Proc., § 1086; Grant v. Board of Medical Examiners (1965) 232 Cal. App.2d *125 820, 826-827 [43 Cal. Rptr. 270]; Concerned Citizens of Palm Desert, Inc. v. Board of Supervisors (1974) 38 Cal. App.3d 257, 270 [113 Cal. Rptr. 328]). The superior court determined that appellant was not a "party beneficially interested" in contesting the extension order and thus had no standing to seek relief in mandamus.
(5) Appellant contends that it does have a substantial interest in certification extensions as demonstrated by the fact that it was a named party in and appeared and contested the administrative proceedings to extend certification. Appellant further asserts the extension of certification imposed upon it a mandatory duty to continue to bargain with the union and conferred upon the union as the "currently certified" bargaining representative of appellant's employees correlative rights that would otherwise be denied it by law to exert certain forms of economic pressures against appellant. (See §§ 1154, subd. (g), 1154, subd. (h), 1154.5, prohibiting picketing activity, "hot cargo" agreements, and secondary and consumer boycotts by labor organizations other than currently certified representatives.)
The ALRB and UFW contend appellant's status as a party in the administrative proceedings did not endow it with a "cognizable" interest sufficient for standing to petition for mandate to have the order set aside; as to appellant's extended duty to bargain with UFW and its consequent susceptibility to union-imposed economic coercion, they argue that such duty and liability would have existed regardless of the extension of UFW's certification.
We conclude that appellant has a sufficient beneficial interest to be entitled to review by mandamus. Indeed, the Legislature expressly created an interest in an employer in certification extension proceedings by requiring a specific finding that the employer had refused to bargain in good faith as a prerequisite to a board order extending certification. Where the ALRB issues an order which is the equivalent of a finding that an employer has refused to bargain in good faith in violation of the ALRA, at the very least the employer's reputation among its employees is maligned as an actor in bad faith with regard to employee rights. (§ 1155.2, subd. (b).) Again, we cannot lightly presume that the Legislature intended to confer such an interest without also permitting the beneficiary to protect and enforce such interest. (See Leedom v. Kyne, supra, 358 U.S. at pp. 190-191 [3 L.Ed.2d at p. 215].)
*126 Under the board's regulations, only an employer is permitted administratively to oppose a labor organization's petition for extension of certification. (Cal. Admin. Code, tit. 8, § 20382, subd. (d).) Employees have no standing so to protest. Accordingly, appellant was named as the adverse party in UFW's petition to extend certification. The board's regulations assume that the employer can effectively present arguments in opposition to the union's petition. Thus, the board deems the employer's interest sufficient to test the order before the ALRB but, curiously, not in a mandamus proceeding. A disturbing ramification of the truncation of review for which the ALRB and UFW argue is the denial to any person or entity of standing to test an order of extension. If that argument were to prevail, the regulatory agency would enjoy unbridled power in respect to extensions of certification. Judicial review is thus crucial as a guarantor both of the regularity and impartiality of proceedings to extend certification.[7]
The board's position is untenable. (6) In Bodinson Mfg. Co. v. California E. Com. (1941) 17 Cal.2d 321 [109 P.2d 935], the court stated: "we are aware of no authority which holds that a person permitted by statute to participate as an interested party in the administrative hearing and to take appeals at the administrative level is, nevertheless, without a sufficient interest in the result to test the legality of the final decision before a court of law. Indeed, it seems to us that elemental principles of justice require that parties to the administrative proceeding be permitted to retain their status as such throughout the final judicial review by a court of law, for the fundamental issues in litigation remain essentially the same." (P. 330; accord Employees Service Assn. v. Grady (1966) 243 Cal. App.2d 817, 826-827 [52 Cal. Rptr. 831] [review by mandamus].)
Furthermore, the rights of employees may be adversely affected by extending the certification of a union. During the one-year extension period, as with the initial year, the employees have no right to elect any other bargaining representative than the one certified. (§ 1156.6.) Moreover unlike the federal law, employees have no right to petition for a decertification election to depose an incumbent labor organization unless the union has reached a collective bargaining agreement with the employer and the currently effective bargaining contract will expire *127 within a year. (§ 1156.7, subd. (c).) Thus, employees' rights to select a different bargaining representative or to opt for self-representation are curtailed during the extension of certification.
In the context of the NLRA, the United States Supreme Court has considered the possibility of injustice to employees regarding designation of representatives of their own choosing when the NLRB ordered an employer, as a result of its wrongful refusal to bargain, to continue to bargain with a union which had lost majority status. (Franks Bros. Co. v. Labor Board, supra, 321 U.S. at pp. 705-706 [88 L.Ed. at p. 1023].) The court also considered the countervailing probability that recalcitrant employers who refuse to bargain in good faith might frustrate a purpose of the act to foster stability in industrial relations if the exclusive representation of the union were not extended as a result of the employer's unfair labor practice. (Ibid.) In balancing the policies, the court concluded that the NLRB had discretion to require an employer to continue to bargain exclusively with a particular union as a remedy for the employer's wrongful conduct. (Ibid.; see also Brooks v. Labor Board (1954) 348 U.S. 96, 103-104 [99 L.Ed. 125, 133-134, 75 S.Ct. 176, 42 A.L.R.2d 1405].)
These federal principles are equally applicable to proceedings to extend certifications under section 1155.2, subdivision (b). The finding against an employer that it refused to bargain in good faith is the basis for which the board has power to extend certification without a concurrent employee election. If the employer had no standing to review the board's action against it, the delicate balance between maintaining stability in labor relations without interference from a recalcitrant employer on the one hand and protecting employees' rights to self-organization and selection of "representatives of their own choosing" (§ 1152) on the other would be seriously undermined. (See Brooks, supra, 348 U.S. 96.)
Furthermore, we conclude that the board's order extending certification of UFW creates a continued and unequivocal duty on the part of appellant to bargain exclusively with the union, regarding which appellant has a substantial interest. In effect, certification extension is the practical equivalent of a bargaining order imposed on appellant. We have repeatedly noted that under section 1153, subdivision (e), an employer must bargain collectively in good faith with a labor organization certified pursuant to the act's provisions, and under section 1153, subdivision (f), is prohibited from recognizing an uncertified union.
*128 The board contends however that an employer's duty to bargain after the union's first year of certification does not lapse even in the absence of an extension of certification. The board relies for this proposition on federal precedent holding that a union enjoys a rebuttable presumption of majority status after its first year of initial certification. (National Car Rental System, Inc. v. N.L.R.B. (8th Cir.1979) 594 F.2d 1203, 1205.) Noting that an initial certification serves both to impose on the employer an obligation to bargain with the union (§ 1153, subd. (e)) and to bar for 12 months the holding of another representation election in that bargaining unit (§ 1156.6), the board reasons that certification lapses for one purpose while still retaining its vitality for other purposes; since the code expressly provides a 12-month lifespan for the election bar but does not impose a time limit upon the employer's duty to bargain, and since the only cross-reference in the text of the act to the provision for extensions of certification (§ 1155.2, subd. (b)) is found in the election-bar provision (Lab. Code, § 1156.6), the board contends that the extension of certification provision has relevance only to the election-bar aspect of certification. Therefore by implication, the board maintains, the employer is still required to bargain with the union after the expiration of the initial 12-months of its certified status with or without an order extending the union's certification.
Whether an employer's duty to bargain with a union, continues after the initial year of certification in the absence of a board order extending certification is not now before us. We must deal with the limited controversy of whether an order extending certification pursuant to statutory authority imposes such a duty. Clearly section 1155.2 does. Moreover, even if we were to apply the board's reasoning in the present context, there is only a rebuttable presumption of continued representation for a reasonable period under "applicable" federal precedent (National Car Rental System, Inc. v. N.L.R.B., supra, 594 F.2d at p. 1205), whereas extension under section 1155.2 creates a conclusive presumption of a duty to bargain. An employer has a substantial interest in the distinction between the two.

III
(7) UFW argues that the courts are preempted from reviewing the contested order by the ALRB's "preeminence in the field of agricultural labor relations." The short answer to this contention is that preemption does not apply where a court is asked to decide whether an administrative *129 agency has acted without jurisdiction in violation of an explicit statutory command.

IV
The judgment is reversed. The matter is remanded to the trial court with directions to vacate the order sustaining the demurrers of UFW and ALRB and to overrule the same and take such further proceedings consistent with this opinion as are required by law. The stay of the unfair labor practice proceeding previsouly issued is continued pending finality of this decision.
Regan, J., and Paras, J., concurred.
On December 17, 1979, the judgment was modified to read as printed above.
NOTES
[1] The petition contained some 14 pages of allegations and concluded with the following qualified "affirmation" by an attorney for UFW: "I declare under penalty of perjury that I have read this Petition and that the statements contained herein are true and correct to the best of my knowledge and belief." (Italics added.) Such a qualified "affirmation" does not fulfill the requirements of Code of Civil Procedure section 2015.5 for a declaration made under penalty of perjury.

In judicial proceedings, "[I]t is well settled that affidavits made upon information and belief as to facts that have transpired are hearsay and must be disregarded." (Riviello v. Journeymen Barbers etc. Union (1948) 88 Cal. App.2d 499, 503 [199 P.2d 400]; see also, Tri-State Mfg. Co. v. Superior Court (1964) 224 Cal. App.2d 442, 445 [36 Cal. Rptr. 750]; Baron v. Mare (1975) 47 Cal. App.3d 304 [120 Cal. Rptr. 675]; Jeffers v. Screen Extras Guild, Inc. (1955) 134 Cal. App.2d 622, 623 [286 P.2d 30].) The use of hearsay evidence in administrative proceedings, however, is less settled and often depends on the exact nature of the specific proceeding. (See Annot. (1971) 36 A.L.R.3d 12; 2 Davis, Administrative Law Treatise (1958) § 14.12, pp. 313-323.) Significantly, "unfair labor practice proceedings" under both the ALRA and the National Labor Relations Act require compliance with judicial rules of evidence "so far as practicable." (§ 1160.2; 29 U.S.C.A. § 160(b).) As will appear, infra, proceedings to extend certification of a labor union have many of the attributes of an unfair labor practice proceedings.
[2] Section 1155.2 provides: "(a) For purposes of this part, to bargain collectively in good faith is the performance of the mutual obligation of the agricultural employer and the representative of the agricultural employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, or any questions arising thereunder, and the execution of a written contract incorporating any agreement reached if requested by either party, but such obligation does not compel either party to agree to a proposal or require the making of a concession.

"(b) Upon the filing by any person of a petition not earlier than the 90th day nor later than the 60th day preceding the expiration of the 12-month period following initial certification, the board shall determine whether an employer has bargained in good faith with the currently certified labor organization. If the board finds that the employer has not bargained in good faith, it may extend the certification for up to one additional year, effective immediately upon the expiration of the previous 12-month period following initial certification."
[3] California Administrative Code, title 8, section 20382 provides in full: "(a) A labor organization certified under section 20380 may file a petition for extension of certification not earlier than the 90th day nor later than the 60th day preceding the expiration of a 12-month period following the date of certification. The sole ground for the petition is that the labor organization has requested the employer to bargain, and the employer has failed to bargain in good faith.

"(b) The petition for extension of certification shall be submitted under oath and contain the following:
"(1) The date of certification;
"(2) A description of the progress of negotiations between the labor organization and the employer, including, but not limited to, the requests made by the union to bargain, the dates of meetings between the labor organization and the employer, and the conduct that the labor organization claims constitutes a failure to bargain in good faith;
"(3) Copies of documents and correspondence that support the description of the progress of the negotiations, if relevant; and
"(4) The amount of time for which the labor organization requests the certification be extended.
"(c) An original and six copies of the petition for extension of certification shall be filed with the executive secretary accompanied by proof of service on the employer pursuant to Section 20430.
"(d) An employer shall file a response to the petition for extension of certification within 10 days of service of the labor organization's petition. The petition shall be submitted under oath and contain a statement of the following:
"(1) Whether the employer agrees with the labor organization's description of the progress of the negotiations;
"(2) If not, the employers's description of the progress of the negotiations, along with any relevant documentation; and
"(3) Whether the employer objects to an extension of the certification.
"(e) An original and six copies of the response to the petition for extension of certification shall be filed with the executive secretary, along with proof of service on the labor organization. If the response is not filed within 10 days, the Board will rule on the petition alone.
"(f) The Board shall either grant an extension of certification for a specified time following the end of the first twelve months after the original certification, deny the petition, or notice a hearing. Hearings noticed under this section shall be conducted according to the provisions of Section 20370.
"(g) The granting of a petition for extension of certification shall not constitute evidence that an unfair labor practice has been committed. A Board order extending a certification shall not be admissible in an action on an unfair labor practice proceeding under Labor Code section 1153(e)."
[4] The ALRB certifies a labor organization as the exclusive bargaining representative when duly elected by the appropriate bargaining unit of agricultural employees. The electoral and certification procedures are set forth in sections 1156.3-1157.2.
[5] Section 1158 provides: "Whenever an order of the board made pursuant to Section 1160.3 is based in whole or in part upon the facts certified following an investigation pursuant to Sections 1156.3 to 1157.2 inclusive, and there is a petition for review of such order, such certification and the record of such investigation shall be included in the transcript of the entire record required to be filed under Section 1160.8 and thereupon the decree of the court enforcing, modifying, or setting aside in whole or in part the order of the board shall be made and entered upon the pleadings, testimony, and proceedings set forth in such transcript."
[6] In fact ALRB argues herein that mandamus is improper because appellant can refuse to bargain with UFW and thereby obtain indirect review of the extension proceedings in an unfair labor practice proceeding. Yet under ALRB rules "A Board Order extending a certification shall not be admissible in an action on an unfair labor practice proceeding under Labor Code section 1153(e)." (Cal. Admin. Code, tit. 8, § 20382, subd. (g). See also § 1158, fn. 5, ante, p. 120, and text thereat.)
[7] In 1978, the Legislature found it necessary to spell out certain inherent limits on the powers exercised by the ALRB by expressly enjoining all employees of the ALRB to "... perform their duties in an objective and impartial manner without prejudice toward any party subject to the jurisdiction of the board." (§§ 1145, 1149.)